Wicks v. Ludwig.

## WICKS *et al. v.* LUDWIG *et al.*

It is essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction, at the time and place, and in the form prescribed by law.

Where the parties stipulate to try a case before the judge in vacation, and that the judgment shall be entered as if tried at the regular term, and judgment is so rendered, such judgment is a nullity.

No trial can be had or judgment entered, except in term time.

APPEAL from the District Court of the Fifteenth Judicial District, County of Trinity.

This was an action of trespass to recover damages for injuries done by defendants, by cutting away a dam, ditch, and flume, constructed for mining purposes, and the property of plaintiffs.

The defendants, in their answer, among other matters, plead and set up as a bar to this action, a former judgment of the District Court of Trinity county rendered herein, and aver that Ed. Neblett, as sheriff of said county, together with the other defendants, by virtue of a writ of restitution issued on said judgment, diverted the water from the ditch of plaintiffs to that of

defendants; and all of their said acts were in obedience to the commands of said writ, etc.

On the trial, it appeared that said judgment was rendered under and by virtue of a stipulation of the parties, that the Judge of said District Court should hear and try said case in vacation, and that his judgment should be rendered as the judgment of the Court, and should have the same effect as though the case were decided by the Supreme Court.

Upon this showing, the District Court gave judgment for the defendants, from which the plaintiffs appealed to this Court.

*P. L. Edwards* for Appellants.

The judgment put in evidence by the defendants is an entire nullity. It was not rendered by any Court of competent jurisdiction. In fact, it was not rendered by any Court at all; for the Court had adjourned its term until the next regular term, and in the interval, the Judge had no more jurisdiction for the purposes of a trial and judgment than any other citizen. The stipulation to try the case in vacation does not relieve the respondents. Consent may waive or cure error, but can never give jurisdiction. The agreement was not for a submission to arbitrators, but for a trial before the Court, and by a jury. It is incontrovertible there was no Court, no legal jury, no judgment. Gormond and another *v.* The People, 1 Hill's N. Y., 343; Wians & Lawrence *v.* Underwood, 1 Texas, 48; Doss *v.* Waggoner, 3 Texas, 515; 3 J. J. Marshall, 299.

*Upton & Hereford* for Respondents.

The judgment offered in evidence, so far from being a nullity, appears by the record to be a judgment of the District Court, rendered in a cause regularly before it, by complaint and answer, showing a subject-matter within its jurisdiction, and the parties plaintiff and defendant in Court.

Whether the Court committed an error in the course of the trial of that case is a question that can only be determined in that case upon appeal. It cannot be reviewed in the trial of this cause. 5 Wend., 190; 1 Hill, 118.

When a Court has once acquired jurisdiction, its proceedings will be presumed regular, unless the contrary be affirmatively shown, and the record of the Court cannot be attacked collaterally.

If this were a proper subject of review in this case, there is no evidence, except what may be inferred from the stipulation, to show that the trial was not had during a term. The record shows that there was a Court in session, and there is nothing before this Court to impeach this record. It not appearing affirmatively that the trial was had, or the judgment rendered in pursuance of the stipulation, nor that the regular term had been

Wicks *v.* Ludwig.

adjourned, there is not enough before this Court to show even error, much less a want of jurisdiction.

The writ under which the defendants acted, was regular on its face, and the writ alone is a sufficient defence in an action of trespass.    10 John., 138.

Terry, C. J., delivered the opinion of the Court—Burnett, J., concurring.

The record offered by defendants to support their plea of former judgment was improperly admitted in evidence; that which on its face purported to be the judgment of a competent Court is shown, by the finding and agreed statement, to have been a judgment entered in vacation, upon a trial had by stipulation before the judge and a jury after the adjournment of the Court for the term.

It is absolutely essential to the validity of a judgment that it be rendered by a Court of competent jurisdiction, at the time and place, and in the form prescribed by law.   Jurisdiction, in certain cases, is given by our Constitution and laws to the District Courts, which are required to hold regular terms for the trial of causes, commencing at a day fixed, and adjourning from time to time, until the business of the term is disposed of, or the time for holding another term in the same district has arrived. No trial can be had or judgment entered, except in term time. (Smith *v.* Chichester, 1 Cal., 409.)

It is said that the judgment, being on its face regular, could not be attacked collaterally; but the party aggrieved must pursue his remedy by appeal.   Appeals can be taken only from the judgments of a Court; here there is no judgment of any tribunal having jurisdiction; the proceeding was a mere nullity.   "There was, in fact, no Court in session, and no judgment could, by law, have been pronounced; and, consequently, it is not only a nullity, in the ordinary signification of the term, when applied to judgments of Courts having no jurisdiction over the subject-matter or the parties, but it is not even the act of a Court, and is therefore not susceptible of appeal, or the subject of revision in an appellate tribunal."   (Doss *v.* Waggoner, 3 Texas, 515.)

Judgment reversed, and cause remanded.