## MAGEE v. THE BOARD OF SUPERVISORS OF THE COUNTY OF CALAVERAS.

Where the board of supervisors of a county have canvassed the return of an election, and, in the exercise of their discretion, declared the result of an election adversely to a party claiming to have been elected, a *mandamus* will not lie, upon the application of such party, to compel the board to issue to him a certificate of election.

A certificate of election is not necessary to enable a party, claiming to have been elected, to bring his action by *quo warranto*.

Such certificate is only *prima facie* evidence of title to the office, not conclusive. Nor is it the only evidence by which the title may be established. It is the fact of election which gives title to the office, and this fact may be established, not only without, but against, the evidence of the certificate.

APPEAL from the District Court of the Fifth Judicial District, County of Calaveras.

The facts appear in the opinion of the Court. Defendants had judgment in the Court below, and plaintiff appealed.

*Volney E. Howard* for Appellant.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

This was an application for a *mandamus* to compel the supervisors of Calaveras county to issue to the plaintiff a certificate of his election as county treasurer.

By law, it is the duty of the supervisors to canvass the returns of the vote of their county, and to ascertain and declare for whom the greater number of legal votes are cast.

If they neglect this duty, the Court will award a *mandamus* to compel them to act; but can not control their action.

The defendants, as appears from the pleadings, had proceeded to canvass the votes, and in the exercise of their discretion declared the result of the election adversely to the claims of the plaintiff. In such cases, the plaintiff's remedy is not by *mandamus*. Where a discretion is vested in an inferior jurisdiction, and that discretion has been exercised, a *mandamus* will not be granted, because the Court has no power to control that discretion. (12 John., 416; 1 Cowen, 423; 6 Cowen, 392.)

In Hull v. Supervisors of Albany, (19 John., 259,) it was held that "where an inferior tribunal has discretion, and proceeds to exercise it, this Court has no jurisdiction to control this discretion by *mandamus*. But if subordinate public agents refuse to act, or to entertain the question for their discretion, in cases where the law enjoins upon them to do the act required, this Court may enforce obedience to the law by *mandamus* when no other legal remedy exists."

If the appellant is.aggrieved by the action of the defendants, his remedy is in another form of action.

It is said, by counsel for appellant, the possession of the certificate of election is necessary to enable him to pursue his remedy by *quo warranto.*   But this view, we think, is erroneous.

The certificate of election is merely *prima facie* evidence of title to an office ; but it is not conclusive; nor is it the only evidence by which the title may be established.   It is the fact of election which gives title to the office, and this fact may be established, not only without, but against, the evidence of the certificate.

Judgment affirmed.