## THE PEOPLE *ex rel.* WICKS *v.* JONES.

AN action, under section three hundred and ten of the Practice Act, may be maintained against one in possession of an office to which he has not been duly elected, who holds a certificate of election proper in form from the board of election canvassers.

The certificate of election is only *prima facie* evidence of right to an office—the real right or title comes from the will of the voters as expressed at the election—and one not having the real title, but only the color of title given by the certificate, holds "unlawfully," within the meaning of that term as used in the statute.

The complaint shows by its averments that at the general election of 1861, an election for the office of District Attorney of the county of Sonoma was held in that county, and that the relator was, by the greatest number of votes cast in that county, elected District Attorney. The answer denies that relator was elected. The Court finds that such an election was held, and that at such election the relator received the greatest number of votes cast in the county for District Attorney. It is objected in the appellate Court that the complaint does not allege nor does the Judge find that "Salt Point" (the vote of which place decided the contest) was a "precinct:" *Held,* that the right to the office depends upon the majority of the votes given in the county, and the allegations of the complaint and the findings of the Court upon this point are sufficient to sustain the judgment.

A fact not directly averred in the complaint, but which in the pleadings and in the findings of the Court is incidentally recognized and treated as true and not in controversy, cannot be questioned for the first time in the appellate Court on objection to the complaint.

In an action tried by the Court without a jury, judgment may be entered by the Clerk in vacation, upon the filing by the Judge of his findings and decision.

People v. Jones.

Section ten of article six of the Constitution does not prohibit the Legislature from authorizing a judgment to be entered in vacation, and in several cases, as upon failure to answer on personal service of summons, and on report of a referee, the provisions of the Practice Act contemplate the entry of judgment either in or out of term.

The cases of *Smith* v. *Chichester* (1 Cal. 409) and *Wicks* v. *Ludwig* (9 Cal. 173) commented upon, and shown not to conflict with this decision as to entry of judgment, and *Marysville* v. *Buchanan* (3 Cal. 214) and *McMillan* v. *Richards* (12 Cal. 467) affirmed on same point.

APPEAL from the Seventh Judicial District.

At the general election held on the fourth day of September, 1861, four candidates for the office of District Attorney of the county of Sonoma were voted for in that county, the relator and defendant being the two who received the most votes.

At Salt Point precinct the relator received seventy-nine votes, and the defendant twenty votes. The returns from this precinct as first filed were irregular, and the Board of Supervisors in canvassing the vote threw them out, thereby making the vote of defendant in the county higher than that of relator. A certificate of election was issued to defendant, who, on the seventh day of October, entered upon the duties of the office. On the same day this action was commenced under the three hundred and tenth section of the Practice Act, the complaint averring that the relator received a plurality of the votes cast, and that the defendant received his certificate through the wrongful action of the Board of Supervisors in refusing to count the votes at Salt Point precinct, and setting up the facts in reference to the same. There is no distinct averment in the complaint that Salt Point township was an election precinct, but throughout the pleadings and also in the testimony, the terms " Salt Point precinct " and " Salt Point township " are used indiscriminately to designate the place where the polls were opened near Salt Point.

The case was by consent tried by the Court without a jury, at the October term of the District Court for Sonoma county, and after the evidence was closed and argument had, was submitted to the Court for decision. On the twenty-ninth of November, and after adjournment of the term, the Judge filed with the Clerk an opinion in favor of relator, adding at the close that plaintiff's at-

torney might draw a decree in conformity with the opinion, which being signed by the Judge, might upon notice of ten days to defendant's attorney, be filed with the Clerk.   On the tenth of December, plaintiff's attorney filed and served on defendant's attorney a notice that on the twentieth of December a decree would be filed in accordance with the opinion.

On the twentieth of December, the findings of fact and a decree signed by the Judge were filed with the Clerk, on which a judgment was then entered by the Clerk, awarding the office to the relator and removing defendant therefrom, from which judgment the defendant appeals.

*Tod Robinson,* for Appellant.

I. The complaint shows that there is no cause of action.   Inasmuch as the appellant is shown to have the certificate of election, he cannot be denominated without an abuse of terms an " intruder" or an " usurper " of the office to which the certificate gives him the right.   Neither can it be said that he " unlawfully holds or exercises " the office, since he entered rightfully and his term of office has not expired.   He cannot be made a wrong-doer by circumstances *ex post facto*.

The provision of the Practice Act under which this suit is brought only provides for cases of intrusion or usurpation of office, or for unlawfully holding or exercising a public office.   The proper remedy of the relator was to contest the election.

II. The complaint does not allege, nor does the Judge find, that Salt Point was a " precinct " at which an election could have been held.   (Wood's Dig. 376, art. 2125.)

III. The findings of fact and the judgment were entered out of term time, and there is no judgment or action of the Court below which this Court can affirm or reverse.

Section ten of article six of the Constitution requires that " the Legislature shall fix the times and places for holding the terms of the District Courts."   These " terms " have a technical meaning, and express the period of time during which a Court is competent to hear and decide causes and determine actions.   Under the regulation of the Constitution, Courts cannot decide actions or render

judgment on causes, except at those times and places which the Legislature shall have previously directed.  Otherwise the constitutional provision would be idle.  (9 Cal. 173.)

The authority given by statute to try writs of *quo warranto* at chambers (Woods' Dig. 151, art. 647) does not reach this case, for this is not a writ of *quo warranto*, but an action, a suit.  Or, if it should be held that the term *quo warranto* includes this action, the statute would then be opposed to the constitutional provision before quoted.  And so also does the other portion of the same section, which authorizes the Judges to hear and determine cases of *certiorari* and *mandamus*, inasmuch as all these have reference to and are actions, causes, suits, which can be heard and determined only at such times as the Legislature may appoint.

*E. B. Crocker* and *Robert Robinson*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

This action is brought under the provisions of the Practice Act concerning actions for the usurpation of an office or franchise, to determine the right to the office of District Attorney of Sonoma county.  The appellant's counsel makes three objections to the judgment:

1st.  It is objected, that inasmuch as the defendant entered into the office by virtue of a certificate of election, he entered lawfully, and is not an " intruder " or " usurper," or one who " unlawfully holds or exercises " the office, and hence is not liable to be proceeded against by virtue of section three hundred and ten of the Practice Act.  The certificate of election, however, is only *prima facie* evidence of the defendant's right to the office.  The real right or title to the office comes from the will of the voters, as expressed at the election.  If the office was in fact given by the voters to another, the possession by the defendant of the certificate affords him, at most, but a color of title, and does not invest him with the right which belongs to the other.  (*Magee* v. *The Board of Supervisors of the county of Calaveras*, 10 Cal. 376.)  If he has not the right and the real title, he holds unlawfully.

2d. It is objected, that the complaint does not allege, nor does the Judge find that Salt Point was a "precinct" at which an election could have been held. The complaint avers that at the general election of 1861, an election for the office of District Attorney of the county of Sonoma was held in that county, and that Wicks was, by the greatest number of votes cast in said county, elected District Attorney. The answer denies that Wicks was elected. The Court finds that such an election was held, and that at such election Wicks received the greatest number of votes cast in the county for District Attorney. The right to the office depends upon the majority of the votes given in the county, and the allegations of the complaint and the findings of the Court upon this point are sufficient to sustain the judgment. But the fact that Salt Point was an election precinct sufficiently appears, both by the averments of the complaint and the findings of the Court. After the averments showing the election of Wicks above mentioned, the complaint proceeds to make certain statements showing how it occurred that the certificate was given to Jones, and for this purpose avers that when the board of canvassers proceeded to canvass the votes, it was discovered " that the election returns of the election held in Salt Point township, at the precinct therein," were irregular, and afterwards frequently refers to the said election held in said township, and to the precinct in said township. The answer denies that " any election was *legally* held at Salt Point precinct, in the said county of Sonoma," and afterwards, in specifying certain proceedings claimed to be irregularities, rendering the election void, refers to said election as occurring at said township or precinct, without distinction. The complaint and answer in various places uses the word " township " and " precinct " as synonymous. The Court finds that an election was held at Salt Point township, and in the findings uses the words " township " and " precinct " as synonymous. The statute (Woods' Dig. art. 2125) provides that there shall be a precinct for holding elections in each township, designated by the Board of Supervisors. No objection being taken by demurrer or otherwise on this ground, and the statute requiring that there shall be an election precinct in each township, and the words township and precinct being used throughout the pleadings

on both sides as synonymous expressions, we think it must be held at this stage of the case that it is sufficiently averred in the complaint and found by the Court that there was an election precinct at Salt Point.

3. It is objected, that the findings of fact were filed and the judgment entered out of term, and that there is no judgment or action of the Court below which this Court can affirm or reverse. This action was tried by the Court, without a jury, at the October term of the Court for 1861, for the county of Sonoma, and the findings of the Court were filed and judgment entered on the twentieth day of December, 1861. The Practice Act (section one hundred and eighty) provides that upon a trial by the Court, its decision shall be filed within ten days after the trial took place, and then the judgment is to be entered. It is not required that this shall be done in term. In the case of *Smith* v. *Chichester* (1 Cal. 409) decided in April, 1851, on facts occurring in 1850, it was held that an order of reference and a judgment following thereon being both entered in vacation, were irregular, and they were set aside. Since then, in some other cases, it has been said that a judgment could not be entered in vacation, merely upon the authority of that case; and without considering how far that case was influenced by the fact that the order of reference on which the judgment was founded was entered out of term; and especially, without adverting to the fact that after that decision, when the Practice Act was re-modeled in 1851, it was expressly provided by section one hundred and forty-four that a judgment may be entered in term or vacation. In the case of *Marysville* v. *Buchanan* (3 Cal. 214) the Court say: "The rule in force in some States, that judgment cannot be entered and execution issued in vacation, has no existence in this State. (See Practice Act, secs. 144–209.") This remark has a general application, although made in reference to a judgment entered upon a *remittitur* from this Court. The same thing was said in the case of *McMillan* v. *Richards* (12 Cal. 467.) There are other provisions of the Practice Act which also contemplate the entering of judgment in vacation, or without regard to whether it be vacation or term, as upon failure to answer on personal service of summons and upon the report of a referee. Under the influence

of the two cases last cited, and the direct provisions of section one hundred and forty-four, and of the other provisions of the Practice Act above alluded to, it has become the general practice throughout the State to enter judgments on defaults, and upon the findings of the Court and the report of referees in vacation as well as term. But the counsel for the appellant cites the provision of the Constitution that the times and places of holding the terms of the District Courts shall be provided for by law, from which he argues that the Courts cannot hear and determine cases, or render judgments, except during the terms to be fixed by the Legislature, and in support of this view he cites the case of *Wicks* v. *Ludwig* (9 Cal. 173). It may be true that a Judge cannot hold a Court or transact such business as by law is required to be done in term at any other time than that designated by law for holding a term of the Court, and this is the extent of the decision in the case of *Wicks* v. *Ludwig ;* but we see nothing in this provision of the Constitution which prohibits the Legislature from authorizing a judgment to be entered in vacation, upon filing the decision or findings of the Court on a trial which has been duly had at a regular term.
.  Judgment affirmed.