[Civil No. 150.    Filed May 31, 1886.]

.[S. C. 11 Pac. 61.]

RICHARD WOFFENDEN, Plaintiff and Appellant, v. PEDRO CHAROULEAU et al., Defendants and Respondents.

1. COURTS—HAVE POWER TO RENDER DECISIONS AND ENTER JUDGMENTS IN VACATION—STATUTES CITED—§ 146 § 637, CHAPT. 48 COMPILED LAWS 1877—RULE 37 SUPREME COURT, PROMULGATED IN 1879, APPROVED.—The court has power to render a decision, and cause a judgment to be entered, and file its reasons therefor, in vacation, in a cause which has been regularly heard and submitted to the court in the term, and taken under advisement. Statutes *supra* cited. Rule 37 of Supreme Court consistent with the laws of territory and acts of Congress.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima.

Motion to docket cause. Denied.

F. W. Gregg and H. R. Jeffords, for Appellant.

Farley & Franklin, and Alex. Campbell, for Respondents.

BARNES, J.—This cause was submitted to this court at the January term, A. D., 1885, in September. During the vaca-

tion of this court an opinion was filed and judgment entered affirming the judgment. Appellant now moves this court to docket the cause, and set the same down for hearing, on the ground that the cause is still pending and undecided, as the court has no power to enter judgment in vacation.

Chapter 48 of the Compiled Laws is the procedure act in civil cases governing the supreme as well as the district and other courts. Section 146 of that act provides that "a judgment is the final determination of the rights of the parties in the action or proceeding, and may be entered in term or vacation." This law is broad enough to include all courts, and all judgments. Section 637 of the same chapter provides that the supreme court make rules not inconsistent with the laws of the territory for its own government, etc. Rule 37 of the supreme court provides that cases argued and submitted in the term may be decided, and the decision and judgment be rendered, in vacation. This rule was promulgated in 1879, and has remained in force ever since, and has been acted upon and acquiesced in until now. We do not think this rule to be inconsistent with the laws of the territory or the acts of congress. The court has power to render a decision, and cause judgment to be entered, and file its reasons therefor, in vacation, in a cause which has been regularly heard and submitted to the court in the term, and taken under advisement. Whatever the mere form of the entries may be, that is what *action* under said rule amounts to. *People* v. *Jones,* 20 Cal. 50.

The motion is denied.

Porter, J., concurs.

SHIELDS, C. J.—I do not think section 146 of chapter 48, cited by my Brother Barnes, has reference to a judgment of the supreme court. It has application solely to district courts. But section 637, cited, confers authority on the supreme court to declare by rule that decision and judgment may be rendered in vacation. In the exercise of such authority, rule 37 was long ago adopted, and must be regarded as right and correct until abrogated or changed. I therefore concur in the above opinion, but, in so doing, I cannot help

expressing my disapproval of the rule. In my opinion, cases should be heard and determined in term.