# W. H. TOWNSDIN v. W. E. SHRADER.

SUFFICIENCY OF PLEADINGS; *Finding by Court; Res Judicata.* In an action where the pleadings were comprehensive enough to include the subject-matter upon which the court made the finding that the parties agreed in open court that the matter of ungathered crops on a certain place had been settled between the parties litigant, such finding will be held, in a subsequent action between the same parties concerning the same crops, to have been an adjudication, although no evidence was introduced in the former action concerning them.

*Error from Cloud District Court.*

ACTION by *Townsdin* against *Shrader,* to recover the value of 412 bushels of corn. Trial at the November term, 1886. Verdict for defendant. New trial denied, and judgment accordingly. The plaintiff brings the case here. The opinion states the material facts.

*B. R. Anderson,* and *Deck Houston,* for plaintiff in error.

*Sturges, Kennett & Peck,* for defendant in error.

Opinion by HOLT, C.: W. H. Townsdin, plaintiff in error, brought his action against W. E. Shrader, to recover the value of 412 bushels of corn. It is admitted that plaintiff took the corn in question, but the defendant contends that this controversy has been determined heretofore in an action between the parties. This cause arose from the following circumstances: The defendant wished to buy a quarter-section of land adjacent to his farm in Cloud county, of one Bailey; but, owing to some difficulty or ill-feeling between Bailey and Shrader, he determined to make his purchase through plaintiff, and it was agreed between plaintiff and defendant that plaintiff should buy the land for Shrader, and that Shrader, after the purchase was made, should deed a portion of his farm to Townsdin in exchange for the land bought of Bailey. Townsdin made the purchase for Shrader, he advancing $1,675, which was paid by plaintiff to Bailey as a part payment upon the farm. During the negotiations, one of Shrader's sons cut some young timber on land Shrader was to convey to plaintiff, and afterward there arose a disagreement between the parties about the cutting of the timber; and, after a great deal of negotiation and consulting, Townsdin refused to convey the land he bought of Bailey to Shrader; whereupon Shrader tendered him a deed of the land he had offered to convey, and an action was brought by Shrader for the specific performance of the contract, the petition stating the entire transaction. In the trial the judgment was against Shrader so far as his prayer for specific performance was concerned, but the court ordered Townsdin to return to Shrader the $1,675 advanced, with interest. At the time of the purchase of the land of Bailey by Townsdin, there was upon it an ungathered crop of corn. One-half was gathered by Shrader, and this action is brought to recover its value.

In the former trial of the case, the question of the damage to the property of Shrader by the cutting of the poles was submitted to the jury, and the court found in addition as follows:

"The other matters herein were decided by the court on

the evidence, and the agreement of the parties in open court. It is agreed between the parties that there were upon the Bailey tract, at the time of the purchase from Bailey, some ungathered crops, which passed with the deed to the land, but that the matter in regard to said crops has been settled between the parties."

The defendant contends that this is an adjudication of the matter concerning the crops. We believe he is correct. The petition was broad enough to include the division of the crops, and the finding of the court shows that there was an agreement in relation thereto entered into between the parties in open court. We think that should be final in this case. To be sure, there was some testimony offered in the court below to show that this finding was not within the issues actually considered, and the court allowed a great deal of liberality in the introduction of such testimony. It was not sufficient to overthrow the record. We believe the judgment for the defendant is correct, not only being supported by substantial evidence, but by a preponderance thereof. We therefore recommend that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.