THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY v. S. G. CLARK, *as County Treasurer, et al.*

### No. 11317.

1. DELINQUENT STATE TAX — *Valid Statute.* The provision in section 224, chapter 158, General Statutes of 1897, providing for an additional levy of one-half mill to pay the delinquent state tax in all counties where there is a deficiency, is constitutional.

2. FIRE TAX — *Case Followed.* The case of *Railway Co. v. Clark,* immediately preceding, followed.

Error from court of appeals, southern department; A. W. DENNISON, B. F. MILTON, and M. SCHOONOVER, judges. Opinion filed October 7, 1899. Reversed in part and affirmed in part.

*A. A. Hurd, W. Littlefield,* and *O. J. Wood,* for plaintiff in error.

*A. A. Godard,* attorney-general, *A. C. Dyer,* and *F. Dumont Smith,* for defendants in error.

PER CURIAM : This proceeding involves the validity of the statutory provisions authorizing the levy and collection of state delinquent taxes by the authorities charged with that duty. We agree with the court of appeals that the case must be determined on the agreed facts, and that the affidavit used in obtaining the temporary order cannot be considered. A correct conclusion was reached, that section 102 of the tax law makes each county responsible to the state for the full amount of the taxes apportioned to the county and levied for state purposes, with the exception of double or erroneous assessments, and where warrants are issued for the collection of taxes on personalty and returned "not found" or "no property." The case of *The State, ex rel. the Attorney-general, v. Comm'rs*

*Leavenworth Co.*, 2 Kan. 56, was decided before the statute referred to was enacted, and when the county was not held responsible for the state tax, and is, therefore, not applicable or controlling. The state tax is apportioned among the several counties according to the assessed valuation, and on this basis the burden is distributed equally throughout the state on all counties alike. If all the state tax apportioned to a county be not raised by the levy in any year, the delinquency must be provided for in the succeeding year, and it would not be easy to devise a more practical or efficient way of raising such delinquency than by a levy on all the property of the county. Other provisions of the statute provide a system by which counties may obtain credits, and whereby the county may collect and retain the state tax on property sold for taxes. When such property is redeemed, the state tax thereon, together with interest and penalties, is held by the county and applied to future requirements for state purposes, and to that extent lightens the burden of future taxation. We see no constitutional objection to the legislation making each county liable for the state tax apportioned to it, nor do we find a lack of equality and uniformity in this tax of which the railroad company has cause to complain. Following the ruling of the court of appeals in this case, *Clark v. Railway Co.*, 8 Kan. App. —, 54 Pac. 931, as well as that in *McIntire v. Williamson*, id. —, 54 Pac. 928, we hold the tax to be valid, and therefore the judgment of the court of appeals with respect thereto is affirmed.

The record in this case involves the question of the validity of a fire tax levied under the authority of chapter 263, Laws of 1895 (Gen. Stat. 1897, ch. 170). That question was determined in *Railway Co. v. Clark,*

immediately preceding, wherein it was held that the statute authorizing the tax was invalid, and for the reasons therein stated the judgment of the court of appeals sustaining the validity of the statute and the regularity of the tax will be reversed.