**J. H. McENTIRE**, *as Receiver, etc.*, v. **H. R. WILLIAMSON**, *as Sheriff, et al.*

No. 12,489.   (65 Pac. 244.)

63  275
65  745

SYLLABUS BY THE COURT.

1. CITIES AND CITY OFFICERS—*Excessive Tax Levy—Collateral Attack on Judgment.* A valid judgment against a city on coupons clipped from municipal bonds of such city, regularly issued, and the issuance of a peremptory writ of mandamus in a proceeding regularly brought for such purpose against the officers of such city, and their successors in office, commanding them to levy a tax to pay such judgment, are conclusive on the question whether the levy ordered is in excess of the statutory power of the city to levy taxes, and cannot be again raised or retried, in a subsequent action for injunction brought by a taxpayer of the city.

2. ———— *Mandamus—Taxpayer is in Privity and Concluded*

*by It.* A taxpayer in a city is in privity with the municipal officers of such city in a proceeding brought against them in their representative capacity for the purpose of obtaining a writ of mandamus to compel the levy of a tax to pay a valid judgment against the city, and is concluded by the final decision and the issuance of a peremptory writ of mandamus upon all questions necessarily involved in the final decision and the granting of such peremptory writ, as effectively as are the parties to the record.

Error from Pratt district court; G. W. McKay, judge. Opinion filed June 8, 1901. Division two. Affirmed.

### STATEMENT.

THIS was a suit in injunction brought by plaintiff in error, as receiver of the Wichita & Western Railway Company, against H. R. Williamson, as sheriff, W. C. Gould, as treasurer, and H. C. Briggs, as county clerk, of Pratt county, Jerome Russell, as township trustee of Saratoga township in said county, William Cooper, J. W. Parker, and J. B. Gibbens, as county commissionors of said county, the Investment Guarantee Trust Company, Limited (hereinafter called the trust company), S. G. Saunders, as mayor of the city of Pratt, and the Kansas Elevator and Live-stock Company, to enjoin the collection of a certain tax-warrant in the hands of said sheriff, in amount $975.71, upon the ground that the tax represented thereby is wholly illegal and void.

As appears from the record, prior to June, 1894, the Kingman, Pratt & Western Railroad Company owned a line of railroad extending through the county of Pratt and the cities of Saratoga and Pratt, both cities of the third class in said county; that the Wichita & Western Railway Company owned and operated a line of railroad extending from the city of Wichita, in Sedgwick county, to the city of Kingman, in Kingman county; that upon said date a consolidation of

said lines of railroad was effected in the name of the Wichita & Western Railway Company; that by such consolidation the Wichita & Western Railway Company succeeded to all the property, rights and liabilities of the Kingman, Pratt & Western Railroad Company; and that said consolidated line of railway was thenceforth operated as one continuous line of railway by the Wichita & Western Railway Company.

On the 1st day of July, 1886, the city of Saratoga, a city of the third class, issued its bonds in the sum of $12,000. The defendant trust company, in the year 1887, became, and ever since has been, the *bona fide* owner and holder of said bonds. In the year 1889, the trust company obtained a judgment on defaulted interest coupons clipped from said bonds against the city of Saratoga, in the sum of $195. In the year 1891, the trust company obtained a second judgment, on other interest coupons clipped from said bonds, against the city of Saratoga, in the sum of $1945. In October, 1893, the trust company applied to the district court of Pratt county in due form of law, and obtained from said court on said judgments a peremptory writ of mandamus against the mayor and city council of the city of Saratoga, and their successors in office, commanding a levy of 150 mills on the dollar on all the taxable property in said city, with which to make payment of said judgment.

During the year 1893, the mayor and councilmen of the city of Saratoga removed from said city, and there remained but thirteen inhabitants. Prior to that time, and at the time said city was incorporated as a city of the third class, and thereafter, it had a population of some 1200 souls.

In the year 1894, and upon the day by law prescribed for holding the annual city elections in cities

of the third class, an election of mayor and council-men was held in the city of Saratoga, and upon the same day the vote was canvassed and certain persons were declared duly elected to fill the offices of mayor and councilmen. Upon the same day, these persons so elected each qualified by taking the oath of office, appointed a clerk, and, in obedience to the command of the district court of Pratt county, passed an ordinance levying a tax of 150 mills on all the taxable property in said city, as commanded in the peremptory writ of mandamus, and also levied a tax of five mills with which to pay interest accruing on said bonds.

Thereafter, and on the 23d day of April, 1894, upon petition presented and election called for that purpose, there was held in the city of Saratoga an election dissolving the city as a body corporate and remitting it to its former condition as a part of the township of Saratoga, from which it was created. On the 7th day of August, 1894, the township trustee of Saratoga township, in conjunction with the board of county commissioners of Pratt county, made an additional levy of 100 mills on the taxable property in the former city of Saratoga to pay the judgments theretofore rendered in favor of the trust company and against the city of Saratoga, and a further levy of thirty-five mills on all the taxable property in the former city of Saratoga to pay interest accruing on said bonds. All of these taxes were duly extended upon the tax-rolls against the property in the former city of Saratoga, and were extended against the property of the consolidated Wichita & Western Railway Company, in the name of the Kingman, Pratt & Western Railroad Company, upon a schedule furnished by the Wichita & Western Railway Company to the board of railway assessors.

The tax so levied by ordinance of the city of Saratoga, in amount 155 mills, and the tax so levied by the township trustee of Saratoga township in conjunction with the board of county commissioners of Pratt county, in the sum of 135 mills, in the aggregate 290 mills, on the assessed valuation of the property of said consolidated railway company in the former city of Saratoga, in the sum of $3160, comprises $916.40 of the amount of taxes represented by said tax-warrant. The remainder of the sum is composed of thirty-five one-hundredths of a mill on an assessed valuation of the property of said consoldated company in Pratt county, the same being $139,300, or $48.75, and a levy of two mills on an assessed valuation of the property of said consolidated railway company in the city of Pratt, in the sum of $5280, or $10.56. This last amount, however, is admitted to be illegal and is no longer in dispute in this action.

A temporary injunction was granted by the district court, enjoining and restraining the levy of this tax-warrant and the collection of the taxes represented thereby. Upon a final hearing of said cause, such temporary injuction was dissolved, a perpetual injunction refused, and plaintiff brings the case to this court for review.

*A. A. Hurd,* and *O. J. Wood,* for plaintiff in error.
*B. D. Crawford,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J. : The first contention made by counsel for plaintiff in error is that the statute authorizing a levy of thirty-five hundredths of a mill per dollar on the assessed valuation of the property of the consolidated company within the county of Pratt, to pay

delinquent state taxes, is unequal taxation, and, therefore, unconstitutional and void. This precise question was before this court in *Railway Co. v. Clark*, 60 Kan. 831, 58 Pac. 561, and there decided adversely to the contention now made by counsel for plaintiff in error. Upon a reexamination of this question, the court feels itself bound by, and adheres to, the former decision of this question there made.

1. Constitutionality of deliuquent-tax act.

The second and important contention of error in this case arises upon the construction of sections 39 and 40, chapter 60, Laws of 1871 (Gen. Stat. 1901, §§ 979, 980).

Section 39 provides:

"The city council are authorized and required to levy annually taxes on all the taxable property within the city, in addition to other taxes, and in sufficient amount for the purpose of paying the interest and coupons as they become due on all bonds of the city now issued or hereafter to be issued by the city, which taxes shall be payable only in cash."

Section 40 provides:

"At no time shall the levy of all the city taxes of the current year exceed four per cent. of the taxable property of the city, as shown by the assessment books of the preceding year."

It is earnestly contended by counsel for plaintiff in in error that these sections are repugnant in their terms; that section 40 is a limitation upon the power of a city of the third class to levy taxes; that in no year can a levy for all purposes be made in excess of forty mills on the dollar, and that, in consequence, the levy of 155 mills was therefore excessive, and void for want of power.

Counsel for the defendant trust company as earnestly contends that these sections may be so con-

strued as to give effect to both ; that section 40 is a general provision, and section 39 an exception to this general provision.   It must be, and is, conceded·that, if such construction may be given as will support and uphold both sections, such construction should be adopted.   Counsel for defendants in error further contends that, as the power of the city to levy forty mills is conceded, and as the same has been neither paid, nor tendered, by the railway company, a permanent injunction was properly refused.

In support of their respective contentions, counsel cite numerous authorities.   However, in the view of the case taken by this court, the con- struction to be given the statutory pro- visions above quoted is no longer an open question in this case.   Whatever weight might be given to the argument of counsel for plain- tiff in error, timely made, is here foreclosed.   It is a rule of universal application that, in an action between the same parties, or those in privity with them, on the same claim or demand, a judgment on the merits is conclusive, not only as to every matter actually liti- gated, but of every matter which might have been offered to sustain or defeat the claim or demand. (*Townsdin v. Shrader*, 39 Kan. 286, 18 Pac. 186 ; *San- ford v. Oberlin College*, 50 id. 342, 31 Pac. 1089 ; *Hyatt v. Challiss*, 59 id. 422, 53 Pac. 467 ;  *Cromwell v. County of Sac*, 94 U. S. 351, 24 L. Ed. 195 ; *Dimock v. Revere Copper Company*, 117 U. S. 559, 6 Sup. Ct. 855, 29 L. Ed. 994.)

It must be borne in mind that it was sufficiently pleaded, and admitted upon the trial of this case, as shown by the record, that the trust company, by proper proceedings in mandamus, obtained, by the consideration of the district court of Pratt county, a

2. Mandamus order- ing excessive levy not subject to collateral attack.

peremptory writ of mandamus, commanding the mayor and city council of the city of Saratoga, and their successors in office, to make a levy of 150 mills on all the taxable property in said city, with which to make payment of its judgments. The parties to that action were the trust company, defendant in error herein, on the one hand, and the public officers of said city, charged by law with the duty of making a levy in their representative capacities, on the other.

The precise question now here attempted to be raised, that is, the power of the officers of said city, under the law, to make a levy of 150 mills, was necessarily in issue in that proceeding, and the district court could have directed no levy to be made which the city and its officers had not the power to certify and cause to be made under the statute law of the state. The extent of this power under the statutes must have been the very question first presented to that court for its determination, and its decision thereon is binding and conclusive so long as that decision remains unreversed, unmodified, and unimpeached for fraud, and it binds not only the parties to the record in that proceeding, but all persons whom they in their official capacity represented.

The plaintiff in error in this case was a taxpayer in said city. As such taxpayer of the city, it was represented by the officers of the city, was in privity with them ; hence, the litigation, decision and judgment in that proceeding is binding and conclusive on plaintiff in error and every other taxpayer within the city, on all questions that were, or might have been, litigated in such action, until such judgment is impeached for fraud or collusion. (*Holt County v. National Life Ins. Co.*, 80 Fed. 686, 25 C. C. A. 469 ; Freem. Judg. § 178 ; 2

3. Privity of tax-payer — con-cluded by judg-ment against city.

Black, Judg. § 584; *Clark v. Wolf*, 29 Iowa, 197; *Ashton v. City of Rochester*, 133 N. Y. 187, 30 N. E. 965; *Grand Island & N. W. R. Co. v. Baker*, 45 Pac. [Wyo.] 494.)

It follows, as a necessary conclusion, that the identical question here presented for our determination is, by reason of the judgment and decree of the district court of Pratt county in the mandamus proceeding, conclusively determined; that the successors in office of those parties defendant in that proceeding, in their representative capacities, are merely ministerial officers for the purpose of carrying into effect the judgment and command of the court in that case, and their action, taken in obedience to that decision, cannot be controlled or enjoined in this subsequent suit.

The remaining insistence of counsel for plaintiff in error is, that no tax was regularly levied in the city of Saratoga in the year 1894. This contention is based upon the assumption that the attempted election for choice of mayor and members of city council was defective and void, and conferred no power on the parties assuming to act to make a levy or to make it in manner and form as made. It is shown by the record that no proclamation calling the election was given. In the very nature of things none could be given, but all the qualified voters in the city at the time of the election are shown to have been present and to have participated in the same. The parties voted for assembled on the night of the election and canvassed their own vote and declared the result, subscribed their respective oaths of office, and passed the ordinance making the levy complained of, in obedience to the command of the district court contained in the peremptory writ of mandamus. This ordinance was not recorded and kept in the book of ordinances of

the city, but upon a separate paper, the ordinance book not being in the possession of the newly-elected officers of the city. But, conceding these irregularities, does it render void the act of the officers acting in ministerial capacities under the command of the court so to act? Certainly not. Their rights to the offices have never been directly assailed. Their selection to office appears to have been fairly determined at an election held upon the day by law provided for the holding of such elections, and was participated in by all the qualified electors remaining in the city, and appears to have been conducted as nearly in conformity with the provisions of the law in that respect as the exigencies of the case would admit. Their right to act is thus placed beyond dispute in this collateral proceeding, and could only be inquired into in a direct proceeding instituted for such purpose. (McCrary, Elect. § 316; *Hadley v. Mayor*, 33 N. Y. 603, 88 Am. Dec. 412; *Hunter v. Chandler*, 45 Mo. 452; *The People v. Vail*, 20 Wend. 12; *People v. Jones*, 20 Cal. 50; *Taylor v. Taylor et al.*, 10 Minn. 107)

The tax so levied by ordinance, having been duly certified to the properly constituted authorities and regularly extended upon the tax-rolls of the county, constitutes a proper charge on the property. The fact that the ordinance levying this tax was not recorded in the regular ordinance book of the city cannot avail plaintiff in error in this suit. Proper proof of the passage of such ordinance was made, and that is sufficient. (*City of Troy v. A. & N. Railroad Co.*, 11 Kan. 519; *City of Solomon v. Hughes*, 24 id. 211; *K. C. Ft. S. & G. Rld. Co. v. Tontz, Treas.*, 29 id. 460.)

The power to make the levy of 135 mills on the assessed valuation of the property of the consolidated company in the former city of Saratoga, by the

township trustee of Saratoga township and county board, under the provisions of section 979, General Statutes of 1901, at the next annual levy of taxes after the city had been dissolved as a body corporate, and the territory therein had been remitted to and become part of Saratoga township, from which the same had been created, is not seriously contested, and must be sustained.

It follows as a necessary consequence from what has preceded that the judgment refusing a perpetual injunction must be sustained.

It is so ordered.

DOSTER, C. J., SMITH, J., concurring.