Nos. 20,974, 20,980-20,984, 20,986.

(Consolidated.)

No. 20,981.

WILLIAM C. NIBLACK, as Receiver, etc., *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,980.

THE SECOND NATIONAL BANK OF BELOIT, WIS., *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,982.

JOSEPH H. BARNETT, *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,983.

THE GIRARD NATIONAL BANK OF PHILADELPHIA, PA., *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,984.

THE BERMINGHAM & SEAMAN COMPANY, *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,974.

THE PETERSON LINOTYPE COMPANY, *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

No. 20,986.

THE CENTRAL TRUST COMPANY OF ILLINOIS, *Appellee*, v. SAMUEL F. KNOX (defendant) and SAMUEL F. KNOX, as Trustee, etc. (interpleader), *Appellants*.

SYLLABUS BY THE COURT.

1. WILL—*Minor Beneficiaries—Trusts and Trustees—Duties of Trustees.* The will of a testator, in substance, gave to trustees certain lands in Allen county which, at the death of his last surviving child, were to be equally divided between his then surviving descendants *per stirpes* and not *per capita.* Two of the children who were trustees under the will sued the other two, reciting the failure of the widow to take under the will and alleging that complications had arisen and the estate could not be safely administered except under the direction of a court of equity, certain clauses of the will being indefinite, uncertain

Niblack v. Knox.

and contradictory, and praying proper relief. The result was a de-cree that such land could not be further managed under the trust without manifest prejudice, and that pursuant to certain contracts entered into between the two sons, who were the defendants, it was partitioned between them in fee simple. The sisters resigned as trustees, and the two brothers who had been awarded the Allen county land were appointed their successors. Thereafter, plaintiffs, judgment creditors of one of these sons, sought by this action to subject his part of this land to the payment of their judgments. He filed an interplea setting up his trusteeship under the will, but without avail. *Held*, that as in none of the proceedings referred to, including the present action, were the grandchildren of the testator, the real beneficiaries under the will in respect to the Allen county lands, made parties, the defendant as trustee should have been permitted to show the actual facts concerning the title.

2. SAME—*Duty of Trustees Toward Minor Beneficiaries.* While as between the plaintiffs and the defendant personally the latter might be deemed the owner of the land sought to be applied to the debts of the former, his duties as trustee under the will preclude him from acquiring any interest adverse to his trust, or placing himself in any position where his self-interest conflicts with his duties as trustee.

3. SAME—*Rights of Creditors of Trustees.* The plaintiffs have no right to look to any interest in the land belonging to the grandchildren or real beneficiaries under the will, but they should, if necessary, be made parties in order that their rights may be protected.

Appeals from Allen district court; OSCAR FOUST, judge. Opinion filed July 7, 1917. Reversed.

*Altes H. Campbell,* of Iola, for the appellants.

*Charles H. Apt,* and *Frederick G. Apt,* both of Iola, for the appellees.

The opinion of the court was delivered by

WEST, J.: In this and six other cases consolidated therewith certain judgment creditors of Samuel F. Knox seek to subject certain lands in Allen county to the payment of their judgments. The defendant filed an interplea setting up that his title was merely that of trustee under the will of his father, and from adverse decisions in these cases he appeals.

The father, Samuel M. Knox, died at his residence in Allen county, May 14, 1907, holding large properties in that and other places. He left a will containing ten clauses or provisions, covering in all nearly eighteen closely printed pages.

The will gave all the estate, other than certain minor items of personal property, to the widow and two daughters in trust, to be disposed of as directed. In the fourth clause he directed that no part of the real estate in Allen county be bargained, sold, mortgaged or conveyed so long as either of his children, Mary K. Stephens, Anson H. Knox, Samuel T. Knox and Ada L. Knox, should live, "unless it shall become imperatively necessary so to do for the purpose of paying my debts after all my other estate, except the portion thereof bequeathed by the first clause hereof, has been fully applied in payment of such debts." The trustees were directed to rent all of his Allen county estate, keep the buildings insured and make necessary improvements and it was further provided in the fourth clause that the trustees should, as nearly as practicable, keep the income from the Allen county real estate and the disbursements therefrom and their accounts relative thereto separate and distinct from the remainder of the estate. Among the provisions of the eighth clause were the following:

"Eighth. At the death of my last surviving child, my real estate situated in Allen county, and state of Kansas, shall be equally divided, *per stirpes*, and not *per capita*, between my then surviving descendants, and in the event of no grandchild, great-grandchild or other descendants of myself surviving the death of my last surviving child, then such Allen county real estate shall be equally divided *per stirpes* and not *per capita*, between my then surviving next of kin, reckoning according to the rule of the civil law now in force in the state of Illinois; provided, if my wife should survive all my children then she, said Hannah H. Knox, shall be entitled to and have in fee simple, the equal one-half part of such real estate in Allen county, Kansas. Should the beneficiaries of such real estate in Allen county, as defined and designated in this clause, agree upon the division thereof between themselves as in this clause prescribed and devised, the then acting trustee of such real estate hereunder, whether named herein or appointed pursuant to the provisions hereof shall deed and convey in fee simple, to each of such beneficiaries and his or her heirs the portion of such real estate allotted to him or her by such agreement of such beneficiaries. Should such beneficiaries of such real estate in Allen county be unable to agree upon such a division thereof between themselves, then the division thereof, as in this clause directed, shall be made under the supervision and according to the practice of the court in the state of Kansas, federal or state, having jurisdiction and power to make such division upon the application of such acting trustee or any one or more of such beneficiaries or of both. And should it be impracticable to make a just and equitable division of such real estate between such beneficiaries thereof without the sale

of a part or the whole of such real estate in Allen county, then such court may order such acting trustee to sell a part or the whole thereof, as justice to all such beneficiaries shall require and such acting trustee shall deed and convey in fee simple, the whole or a part of such real estate to such beneficiaries or purchasers thereof and distribute the proceeds from the sale of the whole or a part of such real estate among such beneficiaries thereof, as shall be ordered and decreed by such court upon such application."

The widow refused to take under the will, but took under the law. Ada L. Knox died single before the testator, who left his widow, Hannah H. Knox, a daughter of Mary K. Stephens, and his two sons, Anson H. Knox and Samuel F. Knox, and certain grandchildren. The widow and one daughter qualified and entered upon their duty as trustees. In November, 1910, the trustees brought an action in Allen county against their two brothers, reciting the failure of the widow to take under the will, and alleging that by reason thereof and legal complications the estate had become involved and could not be safely administered except under the direction of a court of equity; that certain clauses of the will (not including the eighth) were indefinite, uncertain and contradictory; that the plaintiffs were in doubt as to the construction of the will and the terms of the trust imposed upon them, and praying proper relief. Anson H. Knox made default, but Samuel F. Knox filed an answer and cross petition denying that the will was indefinite or uncertain and praying for an accounting from the trustees.

On a question of pleading the case came to this court, *Knox v. Knox,* 87 Kan. 381, 124 Pac. 409, and it was remanded with directions to make definite and certain and proceed. Briefly stated, the result of the trial was that the court concluded that the estate could not be further managed under the trust without manifest prejudice; that the remaining property could be so divided that better results could be obtained, and that, pursuant to certain contracts made between the two sons, a division and partition of the remaining lands in Allen county should be awarded, allotted and set over in fee simple to each. "That Anson H. Knox and Samuel F. Knox are the only surviving heirs of Samuel M. Knox, deceased, having any interest in or to the lands of said estate in Allen county, Kansas, now remaining in said trusteeship under said will." These lands were, by the court, divided in fee simple between the two sons

who were appointed trustees under the will, concerning any and all properties of the estate other than those partitioned and allotted in the suit, if any such there might be. The resignation of the widow and daughter as trustees was accepted. Jurisdiction was retained for certain purposes, including such further orders as might be necessary to carry out the intent and purposes of the contracts of settlement "and as to the court may seem just and proper." Thus it will be seen that the grandchildren for whose benefit the trustees were to hold the Allen county land had not been parties to any of these proceedings, and, indeed, are not parties now.

One clause of the decree was as follows:

"And that said Samuel F. Knox and Anson H. Knox and their respective heirs, legal representatives and assigns be and they are hereby barred, excluded, and enjoined from setting up or claiming any right, title, interest or estate in or to said Allen county, Kansas, land herein above assigned and allotted to the other one of them."

It is argued, however, that the will was construed by the trial court, the trusteeship closed and the lands now in controversy partitioned between the two brothers in fee simple, and that the other parties to the suit can not complain, and the interpleader should not be heard to deny the title which he has so succeeded in having decreed to be in him. On the other hand it is suggested that the lower court meant merely to divide the Allen county land between the two brothers for holding purposes and not really to decree them fee-simple owners. But it is impossible to get such intent from the language of the decree. One strange thing is that while the decree purports to follow the contracts entered into by the parties, such contracts bear no provision for dividing the Allen county land in fee between the two brothers, the nearest approach thereto being a provision to divide the lands in kind and another to quitclaim to each other the lands divided.

While Samuel F. Knox may have some interest in the Allen county land under the will, by way of income during the life of the trusteeship, it is clear that he has never in any lawful way divested the devisees of the succeeding generation of the beneficial interest intended for them by the testator.

However inconsistent it may have been as to himself, it was his manifest duty as trustee to set up his real relation to the

Niblack v. Knox.

land, to the end that by another court proceeding to which they were not parties the ultimate owners would not be still more embarrassed and their title still further complicated.

A trustee must exercise the highest good faith.

"He may not speculate in the property placed in his hands. He may not acquire any interest adverse to the trust." (*Morrow et al., v. Comm'rs of Saline Co.,* 21 Kan. 484, 512.)

"In administering the trust, the trustee must act for the beneficiaries, and not for himself in antagonism to the interests of the beneficiaries; he is prohibited from using the advantage of his position to gain any benefit for himself at the expense of the *cestuis que trustent,* and from placing himself in any position where his self-interest will, or may, conflict with his duties as trustee." (39 Cyc. 296.)

Samuel F. Knox testified that he had three living children and his brother three. Certainly their interests, at least at this late day, ought to be recognized. While the decree referred to recognized him, and apparently clothed him as fee-simple owner, his creditors have no right to hold him as such at the expense of the heirs designated by the will, and as their representative he should be permitted and required to apprise the court of the real situation, and the true condition of the title to the lands sought to be subjected to the payment of the plaintiff's judgments.

If amendment of pleadings or additional parties are deemed necessary for a full determination of the matter, these can be permitted or required.

The judgment is reversed as to Samuel F. Knox, trustee (not as to him personally), and the cause remanded for further proceedings.