No. 21,911.

EUGENE R. HAYES, as Administrator, etc., *Appellant*, v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY and MARY C. FOSTER, *Appellees*.

SYLLABUS BY THE COURT.

INSURANCE — *Action to Recover Dividends — Matters Involved res Judicata.* Where an action to reform an insurance policy and to recover annual dividends on such policy has been decided in a judgment on the pleadings, the entire matter is *res judicata*, and a subsequent action to recover the dividends on such policy will not lie between the same parties and their privies in interest; and the fact that the second suit sought to be maintained is brought upon the original policy, the reformation of which was one of the matters denied in the first suit, does not relieve the second suit from the bar of *res judicata*.

Hayes v. Insurance Co.

Appeal from Shawnee district court, division No. 1; ROBERT D. GARVER, judge. Opinion filed February 8, 1919. Affirmed.

*D. H. Branaman,* and *J. B. Larimer,* both of Topeka, for the appellant.

*John S. Dean,* of Topeka, for the appellee; *David Kay, jr.,* of Newark, N. J., of counsel.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover dividends on a policy of life insurance. In 1865, the defendant issued a policy of life insurance on the life of Calvin Hayes, in which his then wife, Mary C. Hayes, was named as beneficiary. Hayes and wife lived in Ohio and were divorced in 1868, but the name of the beneficiary of this policy was not changed. The divorced wife continued to be a resident of Ohio. In after years, Hayes came to Kansas and remarried. The plaintiff is the administrator of the estate of Calvin Hayes, who died in 1916.

This policy of insurance heretofore has been the subject of litigation, and the present question is whether that litigation concluded the rights of those claiming under Calvin Hayes. Some years ago, while Hayes was still alive, he brought an action against this defendant insurance company asking to have the policy reformed and to recover certain annual dividends due upon it. One of the allegations of the petition in that case was—

"Plaintiff further says that no part of said earnings and dividends on his said life insurance policy have been paid to him or to anyone for him, and that the defendant, The Mutual Benefit Life Insurance Company, is now indebted to him on account of said earnings and dividends approximately in the sum of two thousand dollars ($2,000), which it refuses to pay or to make any accounting of said profits and dividends so earned upon his life policy."

Calvin Hayes was defeated in that case. The decision of the trial court recited:

"And now on this 3rd day of July, 1915, . . . this cause came regularly on to be heard by the court upon the motion of the defendant, The Mutual Benefit Life Insurance Company, for judgment upon the pleadings.

". . . Arguments were submitted to the court in support of said motion by the attorneys for said defendant, and against the granting of said motion by the attorney for said plaintiff.

"The court being fully advised in the premises, sustained said motion, to which ruling and order of the court the said plaintiff at the time duly excepted."

In view of the foregoing, the trial court held that the subject matter of the present action was *res judicata*.

Was this judgment correct? The appellant quotes Bouvier's old rule (*Benz v. Hines and Tarr*, 3 Kan. 390, 397) :

"In order to make a matter *res judicata*, there must be an identity, in four particulars. First, in the thing sued for; second, identity of the cause of action; third, identity of the persons or parties to the action; fourth, identity of the quality in the persons for or against whom the claim is made."

Let us test the matter by this rule. First, here is identity of one of the things sued for—the dividends on the insurance policy. That the older suit asked for other matters than the dividends is immaterial. It did ask for the dividends; so in that respect the two suits are identical. Second, the cause of action is identical—the alleged obligation to pay and the failure and refusal of the defendant to pay Calvin Hayes a sum of money alleged to be due him as dividends on the policy. That matter is likewise too clear for argument. Third, as to identity of parties, in the first suit we had Calvin Hayes as plaintiff and this insurance company as defendant. Here the personal representative of Calvin Hayes necessarily takes his place, but on no different footing, and otherwise the parties are identical. Fourth, as to identity of the quality of the persons for or against whom the claim is made, the question of quality or capacity in which a litigant appears is an element which only arises where the status and attributes of a litigant are different in different actions, as where a party in one case may be litigating on his own behalf and in another case on the same general subject he may be litigating in behalf of others. (*Henry v. Railway Co.*, 98 Kan. 567, 158 Pac. 857; *Niblack v. Knox*, 101 Kan. 440, 167 Pac. 741.) Sometimes the quality of the litigant is the same, while the personality of the litigant is different; in such case the controversy is *res judicata*. (*New Orleans v. Citizens Bank*, 167 U. S. 371, 378, 379.) No question of the quality arises in this case, and the test of *res judicata* meets all the elements of Bouvier's rule. (See, also, *Greenwood v. Greenwood*, 97 Kan. 380, 383, 384, 155 Pac. 807.)

The court cannot understand why appellant's counsel should

say in their brief that the former judgment "determined only that the insurance policy could not be reformed." The judgment was on the pleadings. The pleadings included a claim and demand for the dividends, and for an accounting thereof, and that feature of the matter inhered in the judgment and was concluded thereby. Some features of the former case were brought to this court for review (*Hayes v. Insurance Co.*, 98 Kan. 584, 158 Pac. 1107) ; but, since the judgment of the district court was affirmed without qualification, that judgment is the one which determined the rights of Hayes and those who now claim under him.

Affirmed.