MARY A. McEWEN, APPELLANT, v. KANSAS CITY PUBLIC SERVICE COMPANY, RESPONDENT.*—19 S. W. (2d) 557.

Kansas City Court of Appeals. June 10, 1929.

*Clif Langsdale* for appellant.

*Charles L. Carr, Virgil Yates* and *E. M. Tipton* for respondent.

ARNOLD, J.—This is an action in damages for personal injury sustained by being struck by a passing automobile while plaintiff was endeavoring to board one of defendant's street cars.

At the time of the alleged injury, January 3, 1926, and prior thereto, the street car line involved was owned by the Kansas City Railways Company, a corporation, and was operated by receivers ap-

pointed by the Federal Court. Subsequent to the injury in question the defendant Kansas City Public Service Company, a corporation, obtained ownership, possession and control of the properties of the Kansas City Railways Company, and by contract, agreement, and order of the Federal Court, assumed and agreed to pay certain obligations and liabilities of the said Railways Company, of which the present case is alleged to be one.

The Kansas City Railways Company (and later the defendant herein) owned and operated a system of street railways in Kansas City, Missouri, a part of which was the Prospect Avenue line, a double line of tracks of Prospect avenue, from a point near the southern limits of the city north to Fifteenth street, thence west. At the time in question, the receivers operated cars on the Prospect line with a crew of two men, a motorman and a conductor. As shown by the record, the motorman's position was at the front end of the car where he was in charge of the mechanical operation of the car, while the conductor's position was on the rear platform from whence, by means of signals, the conductor controlled the movements of the car.

Plaintiff with her husband, both aged persons, resided on Twentieth street, about half a block west of Prospect avenue. Leaving their home, on the occasion in question, and her husband went east on Twentieth street to Prospect avenue to board a northbound car. It appears northbound cars are not scheduled to stop at Twentieth street but at a point where Prospect avenue would intersect with Nineteenth street, were the latter cut through. At this last named point defendant and its predecessor maintained a pole carrying a sign notifying the public that cars stopped there for receiving and discharging passengers. Plaintiff and her husband proceeded to the place so designated and waited on the sidewalk for a car which they saw approaching about half a block away, then stepped from the sidewalk to the zone near the northbound track and there awaited the approaching car. The husband signalled the car but for some reason it did not stop at the designated point and ran on a distance of sixty to seventy-five feet, when it came to a stop on a viaduct which spans the tracks of the Kansas City Terminal Railways Company. Thinking the car was not going to stop, plaintiff and her husband started back to the sidewalk on the east side of the street, when they saw the car was stopped as above stated. The rear door of the car then was opened and the conductor stuck his head out and signalled them to come on and thereupon, in a hurried manner, they followed the car on the east track. For the purpose of entering the car and when they were within two to five feet of it, they stepped off the track to the right and were in the line of passing vehicles, when an automobile driven by one W. H. Thompson, coming from the

south, struck both plaintiff and her husband, knocked them to the pavement and injured plaintiff, as alleged.

The testimony is not quite clear as to the exact position of plaintiff in relation to the street car at the time she was struck, that is, whether she was even with the entrance to the car, or somewhat in the rear thereof. Plaintiff testified she was thrown by the impact a distance alongside the street car. She was assisted to her feet, placed in Mr. Thompson's car and taken to her home. A physician was called but did not arrive until the next day. After a few days plaintiff was taken to a hospital where an X-ray picture was taken of her left shoulder and arm, disclosing a fracture. While plaintiff was confined in the hospital, W. H. Thompson and plaintiff's husband called upon her and presented for her signature a release which previously had been prepared and signed by plaintiff's husband. She then placed her signature thereto beneath that of her husband. This release appears in evidence and is as follows:

"We, the undersigned, Allen A. McEwen and Mary A. McEwen (his wife) hereby acknowledge compensation in full settlement for an automobile accident on January 3rd, 1926, at 19th and Prospect Ave. in which Mary A. McEwen was badly injured by W. H. Thompson's car, and we hereby release him from all further liability in the matter.

"(SEAL)                        "ALLEN A. McEWEN,

                             "MARY A. McEWEN.

"Subscribed and sworn to before me this 27th day of January, 1926.

"My commission expires            "GEORGE E. SMITH, Notary."
"June 19, 1927."

Thereafter this suit was instituted against defendant. The petition alleges negligence in two respects: First, in failing to bring the street car to a stop at the usual stopping place; second, in not warning plaintiff of the approach of the automobile in time for the collision to have been avoided. The petition is so drawn as to include in both charges, a plea under the humanitarian rule. Damages are sought in the sum of $7,500.

The separate amended answer of defendant is, first, a general denial and as affirmative defense, pleads full discharge and release. The reply is a general denial of new matter contained in the answer. The cause was tried to a jury.

At the close of plaintiff's evidence, defendant asked and the court gave an instruction in the nature of a demurrer. Thus instructed the jury returned a verdict for defendant and judgment was entered accordingly. A timely motion for a new trial was overruled and plaintiff has appealed.

The only question presented for our determination is the propriety of the action of the trial court in instructing the jury to find for the defendant. The record shows the requested peremptory instruction was based upon the following grounds: (1) That defendant owed plaintiff, no duty to warn her of the impending danger under the circumstances; (2) there was no evidence to the effect that the accident would have been averted if defendant's conductor had warned plaintiff of the approaching automobile; (3) the negligence of defendant, if any, was not the proximate cause of the injury,—that the negligence of the driver was the sole cause of the injury; (4) plaintiff satisfied her cause of action, if any, against defendant by the wording of the release given the driver of the automobile. The court assigned no reason for the ruling upon the demurrer, but the judgment must be affirmed if the court properly construed the release in question as a release of plaintiff's cause of action against the defendant. Plaintiff insists the release applies only to the driver of the automobile, Thompson, and cites Section 4223, Revised Statutes 1919, as follows:

"It shall be lawful for all persons having a claim or cause of action against two or more joint tort-feasors or wrongdoers to compound, settle with, and discharge any and every one or more of said joint tort-feasors or wrongdoers for such sum as such person or persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong, without impairing the right of such person or persons to demand and collect the balance of said claim, or cause of action from the other joint tort-feasors or wrongdoers against whom such person or persons has such claim or cause of action, and not so released."

The statute is clear that one having a cause of action against joint tort-feasors may release one of them of liability without affecting his rights as to the others. The release itself must be resorted to in order to determine its exact import.

Both parties cite the case of Abbott v. City of Senath, 243 S. W. 641, in support of their conflicting contentions. We think the decision in the Abbott case is controlling here. That was a suit instituted against the city for an injury received while Abbott was walking along the street, by the falling of a wooden awning attached to the front of a store building owned by the Senter Commission Company of St. Louis and occupied by the Petty Store Company. The injury occurred January 16, 1918, and on March 11 thereafter, Abbott executed the following release.

"$500.00                    Senath, Missouri, March 11, 1918.

"Received of Senter Commission Company, St. Louis, Mo., five hundred dollars in full of all demands, from injury, received by the falling of awning in front of their brick building, occupied by

Petty Store Company, located in Senath, Missouri, on or about the 16th day of January, 1918.

"C. H. ABBOTT."

On March 21, 1918, for the sum of $250, Abbott released the Petty Store Company which occupied the building, the release reciting, among other things, that such sum was paid and received in settlement and compromise of Abbott's claim against that company for his injuries. Thereafter Abbott sued the City of Senath in the circuit court and during the pendency of the action Abbott died, and the cause was revived in the name of his administratrix. As in the case at bar the defense was that the plaintiff had signed a full release of his cause of action. The release was admitted in evidence, verdict and judgment were for the defendant and the plaintiff appealed to the Supreme Court, where the judgment was affirmed.

The rule is well established that there shall be but one satisfaction accorded for the same wrong; also, that the release of one joint tort-feasor does not preclude the plaintiff from suing the other for the remainder of the compensation to which he may be entitled. As in the Abbott case, the question here is: did plaintiff accept from Thompson the $100 as full compensation for her injury? In answering this question recourse must be had to the written acknowledgment and we find the first clause reads:

"We, the undersigned, Allen A. McEwen and Mary A. McEwen (his wife) hereby acknowledge compensation in full settlement for an automobile accident on January 3rd, 1926, at 19th and Prospect Ave. in which Mary A. McEwen was badly injured by W. H. Thompson's car, . . ."

If the sentence had stopped at this point, there could be no possible grounds for dispute that the release was in full settlement for plaintiff's injury. Plaintiff insists, however, that the words of the release following those just quoted modify the same and show plainly that the release was only for Thompson. The release continues: "and we hereby release him from all further liability in the matter."

In our opinion the added words do not so modify the first clause quoted as to render the release inoperative as to the present defendant. There is nothing conflicting in the two clauses and they are not even ambiguous. Under the rule laid down in the Abbott case, we think the court did not err in sustaining the demurrer offered by defendant upon the ground the release was in full settlement of plaintiff's cause of action and released defendant as well as Thompson.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.