GEORGE HOISINGTON, *as Sheriff of Dickinson County*, v. JANE BRAKEY.

1. SHERIFF, *When a Party in Interest.* In an action against a sheriff for the recovery of property taken under an execution and replevied by the plaintiff in such action, the sheriff is not only the actual but the real party defendant where the judgment-creditor makes no application to be made defendant and is not substituted as the defendant.

2. JUDGMENT, *When Conclusive.* Where the court has full jurisdiction of the parties and the subject of two actions of replevin for the recovery of certain animals, and the parties are identical, and the evidence to support both cases is the same and the defense the same and the issues

in the actions are precisely alike, except that the petitions refer to different animals, a judgment in the first case is conclusive between the parties not only as to that case, but also as to the second.

*Error from Dickinson District Court.*

REPLEVIN, brought by *Jane Brakey* against *George Hoisington*, as sheriff of Dickinson county. Judgment for plaintiff, at the October Term, 1883. Defendant brings the case here. The opinion states the facts.

*John H. Mahan,* and *J. R. Burton,* for plaintiff in error.
*J. W. D. Pierce,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: In January, 1881, George Hoisington, as sheriff of Dickinson county, levied upon one roan horse, one dark sorrel-chestnut horse, and two mules, as the property of John Brakey, the husband of Jane Brakey, under an execution in favor of C. H. and L. J. McCormick. Soon thereafter Jane Brakey replevied from Hoisington all the property, she claiming title thereto. This case was tried at the October term of the court for 1881, and resulted in a judgment for Hoisington. Within a few days after the levy above mentioned, Hoisington, as sheriff, also levied upon one cream-colored mare and one white mare as the property of John Brakey, under executions issued in favor of N. C. Thompson, A. Van Patten and Peter E. Willett. Jane Brakey at once replevied the animals so levied upon, and the case was tried at the October term of the court for 1883. In this case the jury returned a verdict that Jane Brakey was the owner and entitled to immediate possession of the property in controversy, and that the same was wrongfully detained by Hoisington. Judgment was entered thereon, and Hoisington brings the case here.

The depositions taken in the first case were read in both cases. Jane Brakey's evidence was given in the form of a deposition, in which she testified she was married to John

36 — 31 KAS.

Brakey in 1855, in Lower Canada, county of Missisce; that at the time she married she had six cows, seven sheep, furniture and bedding necessary for housekeeping, and three hundred dollars in money; that the stock and money were received by inheritance from her father; that after her marriage she remained in Canada fifteen years; that she did not carry on and conduct any separate or individual business whilst in Canada; that she went to Illinois, where she lived about ten years; that in 1869 she earned one hundred dollars by working out, and in 1872 received from her father's estate $550; that after she came to the United States she did business in her own name; that she loaned her money to her husband, John Brakey; that she continued to loan it to him until her children got old enough to use it; that after she and her family came to Kansas, in 1878, her husband paid her $2,000 that he owed to her; that she put this money into stock; that the property in controversy in the two suits was three horses, one mare, and a span of mules.

In each case it was the contention of Hoisington that the transfer of the money by John Brakey to his wife was not a *bona fide* payment of a debt, but was in fact a device only to place his property out of the reach of his creditors; and that the claim of Jane Brakey to the stock was fraudulent, and merely set up to cheat and defraud her husband's creditors. In each case he introduced evidence to weaken and contradict the evidence of Jane Brakey, and in the case at bar he offered in evidence the pleadings, instructions, special findings, verdict and judgment in the case tried at the October term of the court for 1881, wherein Jane Brakey was plaintiff and himself defendant, and in which he recovered judgment. To the introduction of this evidence, Jane Brakey objected for the following reasons: that said papers did not tend to prove any issue in this case; that while the parties were nominally the same, the defendant, George Hoisington, was not the real party, but stood in a representative capacity as a mere stockholder; that the creditors whose executions he held were the real parties, and were not the same in both

cases; and that the property in controversy in the second case was not identical but different from that in controversy in the first case. The court sustained the objection and excluded the evidence upon the ground that the defendant was not, but the creditors were, the real parties, and hence that the parties in the cases were not the same. This ruling is complained of.

The ground upon which the court excluded this evidence is not tenable. In both actions the court, upon application of Hoisington and of the judgment creditors in whose favor the executions were issued, might have permitted the latter to be substituted as the defendants, (Code, § 45;) but this was not done. The judgment creditors made no application in that behalf. Hoisington was therefore not only the actual, but he was the real party defendant in each case. He was named the defendant. He controlled the action, and was personally responsible for any judgment that might have been rendered against him. The question therefore arises whether the exclusion of this evidence can be sustained upon any other ground. In *Smith v. Auld*, ante, p. 266, Mr. Justice BREWER, speaking for this court, said:

"The whole philosophy of the doctrine of *res adjudicata* is summed up in the simple statement that a matter once decided is finally decided; and all the learning that has been bestowed and all the rules that have been laid down, have been for the purpose of enforcing that one proposition. One rule fully established is, that you may examine the entire record of the prior action in order to determine what was in fact adjudicated. The inquiry is not limited to the mere formal judgment. It extends to the pleadings, the verdict, or the findings, and the scope and meaning of the judgment is often interpreted by the pleadings, verdict, or findings. Indeed, to determine the matters which were adjudicated, not only may you look to the entire record, but also in many instances you may resort to parol testimony."

In this case, we ascertain from the record of the first case, and especially from the instructions and special findings of fact, that it was established and settled in the first case that the $2,000 transferred by John Brakey to his wife, Jane

Brakey, shortly after their removal to this state, was done with the intention by them to place it beyond the reach of the creditors of the husband, and that the stock purchased with this money — the property in controversy in both cases — was the property of John Brakey, and held in the name of Jane Brakey, his wife, to defraud the creditors of the husband. The principal question at issue in both cases was identically the same. The parties in both cases being identical, and the questions involved being the same, and the court having had full jurisdiction over the parties and the subject-matter, the judgment in the first case was conclusive, not only as to the identical property then involved, but as to all further litigation between the same parties upon the same subject-matter, though the property itself in controversy in the last case was different from that in the former. (*Beloit v. Morgan*, 7 Wall. 621. See also *Smith v. Auld*, supra; Wells's Res Adjudicata, §§ 248, 254; *Perkins v. Walker*, 19 Vt. 145; *Bouchand v. Diaz*, 3 Den. 243; *Gardner v. Bugby*, 3 Cow. 120; *Bent v. Stemburg*, 4 id. 559; *Doughty v. Brown*, 4 Comst. 75; *French v. Howard*, 14 Ind. 455.)

Jane Brakey attempted to support both actions by the same evidence. The defense was precisely the same in both actions, and the issues in the two cases were precisely alike, except that the petitions mentioned different animals. Therefore, as it appears from the record of the first suit that the material issue in controversy in the second suit was necessarily and actually litigated and decided in the first suit, the court erred in excluding the evidence offered.

In *Railroad Company v. Comm'rs of Jefferson Co.*, 12 Kas. 127, to which we are referred by counsel for Jane Brakey, the plaintiff was not a party to the decree set up as a defense, neither did it claim under any one who was such a party; further, the decree set up in the answer as a defense was rendered *pro confesso* in an action between two parties whose interests were adverse to the plaintiff's.

The judgment of the district court must be reversed, and the cause remanded for a new trial.

All the Justices concurring.