## No. 29,219.

SUSAN ANNE HARDY, *Appellant,* v. GEORGE W. MILLER and GUY H. McCANLES, *Appellees.*

(289 Pac. 952.)

Opinion filed July 5, 1930.

*Judson S. West,* of Olathe, *C. W. Prince, A. L. Quant, Clyde J. Linde* and *James N. Berry,* all of Kansas City, Mo., for the appellant.

*Henry S. Conrad, L. E. Durham* and *Hale Houts,* all of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action against the defendants to recover damages sustained by her on account of the fraud of the defendants in selling to her certain real property in Kansas City, Mo. Judgment was rendered in favor of the defendants on the pleadings and admissions of the plaintiff at the time of the trial. The plaintiff appeals.

The petition alleged that the defendants fraudulently induced the plaintiff to purchase real property from the McCanles Securities Company and other real property from the McCanles-Miller Realty Company, corporations under the laws of Missouri, for which she paid large amounts of money and assumed heavy obligations; that the plaintiff instituted a suit in Jackson county, Missouri, against each corporation for the rescission of the contract made with it for the purchase of the real property, for the return to her of the money and securities she had given therefor and for the cancellation of the obligations she had assumed; that she was compelled to compromise and adjust the suits for the sum of $9,500, but that she reserved the right to pursue the other tort-feasors for the balance of her loss. The answer of each of the defendants alleged that the suits against each of those corporations resulted in a judgment in favor of the defendants therein, from which the plaintiff appealed to the supreme court of Missouri, and that after the causes had been appealed to that court the plaintiff signed the following release and satisfaction:

"For and in consideration of the sum of nine thousand five hundred dollars ($9,500), the receipt of which is hereby acknowledged, the undersigned hereby acknowledges full satisfaction of her causes of action and claims against above-named defendants set forth in the petitions filed in the above-entitled causes of action, and she hereby releases the real estate described in said petitions of and from all claims or liens by her asserted, and agrees to execute and deliver to the respective defendants in the causes aforesaid quitclaim deeds to said described properties, which in addition to the usual recitals therein shall recite a release of any and all claims or liens to and upon the real estate above referred to and by her asserted in said causes of action.

"The purpose hereof is to compromise, settle and adjust the suits aforesaid and that the undersigned shall relinquish any and all claims to the real estate mentioned and described in her petitions in said causes.

"The appeals in said suits pending in the supreme court of the state of Missouri shall be by me dismissed and the costs of the above causes in the circuit court of Jackson county, Missouri, shall be paid by the defendants."

At the same time the plaintiff executed and delivered to the McCanles Securities Company a quitclaim deed conveying the property that had been acquired from it, and another quitclaim deed conveying to the McCanles-Miller Realty Company the property that had been acquired from it. Defendants alleged that the judgments in those actions bar her recovery in the present action.

The answer of each defendant alleged that he "was a stockholder, director and officer of the McCanles Securities Company." A copy

of the petition in each of the cases tried in Missouri was attached to the answer of each defendant in the present action. In those petitions the plaintiff alleged—

"That the defendant, its agent and officers represented to this plaintiff that defendant had had a wide experience in the handling of flat and apartment properties."

When the action was called for trial, after a colloquy between court and counsel in which it was admitted by the defendants that they were managing officers of the corporations, the following occurred:

"By Mr. Conrad: Let the record show these instruments, the judgment, quitclaim deeds and the release are considered in evidence. I would like to have those in. I don't think there is anything I want that you don't want on that, Mr. Prince.

"By Mr. Conrad: Mr. Prince, do you admit that the judgment pleaded in the answers in this case was entered as pleaded and that the copy attached to the answer is a true copy?

"By Mr. Prince: Yes.

"By Mr. Conrad: Mr. Prince, do you admit that the release pleaded in the answers of these two defendants, a copy of which is attached to the answers of each of defendants, was in fact delivered and executed and that the copy is a true copy of the release?

"By Mr. Prince: Yes.

"By Mr. Conrad: And do you admit that the quitclaim deed referred to in the answers in this case in fact was executed and delivered by your client and that a copy of the same may be made a part of the record?

"By Mr. Prince: The deed was made in furtherance of this release.

"By Mr. Conrad: Now, your honor, with these admissions, I move for a judgment on the pleadings and admissions as made by counsel and the exhibit as referred to.

"By Mr. Prince: Is it agreed, Mr. Conrad, between the parties, that all the statutes and judicial decisions that are pleaded in the plaintiff's petition and reply are properly pleaded and are the law of the states of Kansas and Missouri?

"By Mr. Conrad: That may be admitted. I assume in moving for judgment upon the pleadings that would be considered for the purposes here of the record as to all these statutes and decisions pleaded in plaintiff's petition and may be considered as properly pleaded for the purpose of the proper distribution [determination] of this case."

Mr. Prince was counsel for the plaintiff and Mr. Conrad was counsel for the defendants. In the present action laws of Missouri were pleaded in the petition and in both of the answers.

The plaintiff argues a number of legal questions. One question in the case is decisive of it. That question is, Do the judgments rendered in the trial court of Jackson county, Missouri, bar the

plaintiff from recovering in the present action? If that question is decided against the plaintiff she cannot recover.

Section 4223 of the Revised Statutes of Missouri, 1919, in part, reads:

"It shall be lawful for all persons having a claim or cause of action against two or more joint tort-feasors or wrongdoers to compound, settle with and discharge any and every one or more of said joint tort-feasors or wrongdoers for such sum as such person or persons may see fit, and to release him or them from all further liability to such person or persons for such tort or wrong, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the other joint tort-feasors or wrongdoers against whom such person or persons has such claim or cause of action, and not so released."

The plaintiff relies on *Knoles v. S. W. Bell Tel. Co.*, 218 Mo. App. 235, decided June 23, 1924, by the Kansas City court of appeals. The first two paragraphs of the headnotes read:

"Under section 4223, Revised Statutes 1919, release as to one joint tort-feasor does not as a matter of law release others whose negligence also caused the injury, unless release is in full of all claims arising from the injury, constituting settlement of cause of action against all.

"Under section 4223, Revised Statutes 1919, release 'in full of all claims of every kind and character against the said defendant,' *held* not release of joint tort-feasor, though release recited it was made to forever settle claim."

Against that the defendants rely on *Abbott v. City of Senath*, 243 S. W. 641, decided by the supreme court of Missouri in July, 1922, but does not appear to have been printed in the reports of the supreme court of that state. Three of the headnotes to that case read:

"An injured party may sue joint tort-feasors individually or together, but if he receives full satisfaction from one, his right of action against the other is thereby extinguished; nor is it necessary that the party settling be in fact liable, it being sufficient if there is a possible liability and a claim founded upon it.

"Rev. St. 1919, § 4223, providing that release of one or more joint wrongdoers shall not impair claimant's right of action against the others, while evidently intended to abrogate the common-law rule that a release of one wrongdoer operates to discharge the others, does not change the principle that but one satisfaction lies for the same wrong.

"Claimant's receipt given to one joint tort-feasor 'in full of all demands for injury,' and containing no suggestion that it was for only part compensation, was a release of claimant's demands agaitns all tort-feasors, notwithstanding claimant's contention that the receipt was in full against only the tort-feasor to which it was given."

The following is found in the headnotes to *McEwen v. Kansas*

*City Public Service Co.,* 19 S. W. (2d) 557, decided by the Kansas City court of appeals on June 10, 1929:

"Under Rev. St. 1919, § 4223, one having a cause of action against joint tort-feasors may release one of them from liability without affecting his rights as to the others.

"There shall be but one satisfaction accorded for the same wrong.

"Release of one joint tort-feasor does not preclude plaintiff from suing the other for the remainder of compensation to which he may be entitled.

"Instrument whereby plaintiff acknowledged compensation in full settlement for an automobile accident in which she was badly injured by car of one joint tort-feasor, and which continued by stating that 'we hereby release him from all further liability,' held to constitute a release of other joint tort-feasor, since quoted words did not render release inoperative as to latter tort-feasor."

The plaintiff acknowledged full satisfaction of her claim against the defendants in the actions in Missouri. Under the law as declared in these cases the plaintiff cannot recover. There is nothing in the release and settlement to indicate that the plaintiff reserved any right of action against these defendants. In none of the cited cases from Missouri was there any privity between the joint tort-feasors. If the judgments in Missouri are *res adjudicata* as to the defendants in this action it is because they were stockholders, directors and managing officers of the McCanles Securities Company, and not because they were parties to those actions. They were not parties to either of them.

The fraud alleged in the actions in Missouri was practiced by the defendants in the present action for the McCanles Securities Company and the McCanles-Miller Realty Company. Each of those companies was liable, if liable at all, for the fraud practiced by the defendants as its managing officers and agents. The judgments in Missouri were in favor of the defendants in those actions. From those judgments appeals were taken to the supreme court. The judgments were not reversed. They became final and conclusive.

In *Ellis v. Crowl,* 46 Kan. 100, 103, 26 Pac. 454, this court said:

"The determination of any issue or fact by a court of competent jurisdiction is conclusive upon both the parties and their privies."

That rule was followed in *National Bank v. Peters,* 51 Kan. 62, 32 Pac. 637; *Loan Co. v. Marks,* 59 Kan. 230, 52 Pac. 449, and *Alexander v. Clarkson,* 100 Kan. 294, 164 Pac. 294.

We quote from 34 C. J. 1026 as follows:

"A judgment against the corporation is binding on an officer or director, especially where he managed or conducted the suit, but it does not estop him as against a person who was not a party to the action. A judgment in favor of

the corporation in a suit between it and a third person is conclusive between such third person and the president or other officer of the corporation who is its authorized agent."

In 6 Thompson on Corporations, 3d ed., § 4982, the following language is used:

"The stockholder is bound by the judgment against the corporation without other notice than that which he has had by representation through the corporation. . . . The stockholder is said to be so far an integral part of the corporation as to be privy to the proceedings against it by representation."

The following authorities support the rule declared by Corpus Juris and Thompson on Corporations: *Davidson v. Real Estate & Investment Co.*, 249 Mo. 474, 476, 503; *Chase v. Vanderbilt et al.*, 62 N. Y. 307, 315; *Heggie v. Building & Loan Association*, 107 N. C. 581, 590; *Carlock v. Loyd*, 43 S. D. 611; *Lewis' Adm'r v. Glenn, Trustee*, 84 Va. 947; *Cuneo Importing Co. v. American Importing & T. Co.*, 247 Fed. 413; *Sanger v. Upton, Assignee*, 91 U. S. 56, 59; *Hawkins v. Glenn*, 131 U. S. 319, 329; *Glenn v. Liggett*, 135 U. S. 533, 542; *Hart Steel Co. v. Railroad Supply Co.*, 244 U. S. 294, 298.

The plaintiff by her settlement of the suits in Missouri released the corporations from any further liability to her. Under the terms of the settlement the appeals to the supreme court of Missouri must have been dismissed. That left the judgments standing as rendered by the trial courts. The parties thereto and their privies could thereafter rely thereon and plead them in subsequent actions between those parties and their privies. The plaintiff argues that in the settlement of those suits she reserved the right to proceed against the defendants in the present action. That she could not do while the judgments remained effective. If the judgments had been reversed, and the settlement had then been made in which the plaintiff reserved the right to proceed against the defendants in this action, she might have had a cause of action against them. As it is, her cause of action, if she ever had one, is barred by the former adjudication.

The judgment is affirmed.