No. 29,958.

Frank W. Rost, Administrator of the Estate of Frank Rost, Deceased, *Appellant* and *Cross Appellee*, v. Frank Heyka et al., *Appellees* and *Cross Appellants*.

(299 Pac. 969.)

. Opinion · filed June 6, 1931.

*Nelson J. Ward*, of Belleville, for the appellant and cross appellee.
*Clyde L. Short*, of Concordia, for the appellees and cross appellants.

The opinion of the court was delivered by

Johnston, C. J.: This was an action to recover damages for the conversion of personal property, brought by Frank Rost as administrator of his father's estate against Frank Heyka and other claimants to a share in the estate of the deceased. The court overruled plaintiff's demurrer to the answer of defendants, and defendants filed a demurrer to plaintiff's reply to an answer of the defendants, which the court sustained, and the plaintiff appeals from these rulings.

Frank Rost died intestate on January 5, 1926, leaving as his heirs his sons, Frank W. Rost, Joseph H. Rost and his daughters, Elizabeth Heyka, Anna Tartowski, Mary Kerstine and Rosa Rizek.

Shortly afterwards Frank W. Rost was appointed administrator and an action was begun by Joseph Rost against his brother and sisters as coheirs for partition and in another count set up a cause of action asking for an accounting for moneys the three daughters had received from their father while he was incompetent, it being claimed that such moneys could in no sense have been a gift, but were advancements chargeable in partition upon the interests of the three sisters, and their shares should be reduced to that extent. Frank W. Rost joined with the plaintiff in his contentions. There was no dispute as to the shares of the members of the family, their father having died intestate, and the question turned mainly on the charge of the conspiracy of the daughters whereby they and their husbands undertook to procure from the father sums of money and personal property such as they were able to obtain. Frank W. Rost was not made a party as administrator, but participated as heir in the charge of conspiracy and misappropriation of moneys and property left by the deceased. The partition case was tried out and resulted in a finding and decision that the defendants and their respective husbands did not enter into a conspiracy for any purpose whatever as charged, and that there was nothing due from them to the plaintiff. The case was brought to this court on appeal and the judgment was affirmed. (*Rost v. Heyka*, 130 Kan. 5, 285 Pac. 539.) The doctrine of *res judicata* was applied in this case by the district court on the theory that the matters in issue had already been determined in the former case. The issues in the present action are substantially identical with those set up and contested in the second count of the first case. There was no controversy as to the matter of partition, and the first trial centered on the question of whether the three sisters of Frank and Joseph Rost, who were charged along with their husbands, got away with property of the father under such conditions that it could not constitute a gift. In the earlier case the court held that the defendant sisters and their respective husbands did not enter into a conspiracy for any purpose whatever as charged by Frank W. Rost and another sister, Anna Tartowski. Plaintiff's demurrer to defendants' answer was overruled. The demurrer to the reply of plaintiff was sustained as to the daughters, but was overruled as to their husbands on account of the fact that they were not named as parties in the original action. The holding was that the issues presented in the second trial had been finally determined in the first.

The pleadings disclosed that the first action was for partition, and included in it was an account alleging conversion of personal property by the three daughters, in that they had obtained certain sums of money from their father when he was mentally incompetent; that they and their husbands had conspired together to wrongfully obtain sums of money from him, and that these amounts could not be regarded as gifts but should be accounted for and the shares of the daughters in the estate cut down to that extent in making the partition. All the heirs were made parties and all participated in the action, including Frank W. Rost. The findings in that case, which are set out in *Rost v. Heyka*, supra, show the scope of the trial and the issues determined. The result of the trial was that the father was found to be mentally capable of transacting business when certain donations were made to the daughters; that they and their husbands did not enter into any conspiracy as charged by Frank W. Rost and Anna Tartowski; that there was nothing due to the estate from any of these defendants. In that case Frank W. Rost contested the questions as an heir of the estate, although he had previously been appointed as administrator, but he was not named in the capacity of administrator in the action. Notwithstanding the former trial and adjudication, Frank W. Rost as administrator brought this action, setting up the same allegations as to conspiracy of the three daughters and their husbands to wrongfully obtain money from their father when he was mentally incapable and that the amounts so obtained were a part of the estate and should be accounted for to the plaintiff as administrator. The husbands of the daughters were named as defendants. The defendants answered setting up the proceedings and the adjudication in the former case. Plaintiff's demurrer to the answer was overruled so far as the daughters were concerned, but it was sustained as to their husbands. The ruling as to the daughters was in effect a holding that the questions of fact raised by plaintiff had been judicially and finally determined in the first action. A reply to that answer was filed alleging in substance that the issues in the two cases were that defendant Frank W. Rost had not been impleaded as administrator in the first action, and that the court had no jurisdiction to determine the issues in this one. Defendants demurred to the reply and the court, in harmony with its ruling on the demurrer to the answer, sustained the demurrer to the reply.

Plaintiff assigns as error the overruling of his demurrer to dedendants' answer, and also the sustaining of the demurrer to his reply. The rulings were in effect a holding that the questions involved in the present case were actually litigated and determined in the first action, and could not again be retried and determined in this later action. It is clear that the issues in the two actions were substantially identical and the doctrine of *res judicata* should be applied unless the fact that plaintiff was not named in his capacity as administrator in the first action prevents it. He was in that case as an heir and fought it through to a final determination in which it was held that there was no conspiracy and that defendants did not owe the estate anything. The estate, it appears, was solvent and it is not contended that there was not on hand sufficient money to pay any debts or expenses of the deceased. It appears, therefore, that the plaintiff is seeking to recover for his own benefit personal property alleged to have been converted and thereby enlarge his share of the land to be partitioned. The remainder of the estate belongs to the heirs and, as we have seen, all the heirs were parties in the former action when the questions involved were litigated. In his capacity as administrator he was a representative of the heirs to whom the estate was to be partitioned and was in fact in privity with them and the judgment against him in his capacity as heir is conclusive against him in his capacity as administrator. (*Donifelser v. Heyl,* 7 Kan. App. 606, affirmed in 59 Kan. 779.) In *Harris v. Morrison,* 100 Kan. 157, syl. ¶ 2, 163 Pac. 1062, it was held that—

"In an action to determine the ownership of the residue of property left after paying the debts of the deceased person, which action is prosecuted by one to whom the deceased person had contracted to leave the property at his death, against the beneficiary under the will executed by the deceased person, a judgment against the beneficiary is final and conclusive and will be binding on the executor in the final distribution of the estate." (See, also, cases cited on the point.)

The general rule is that a judgment binds not only the parties to the action but also those who are in privity with them in the estate, and in the situation mentioned the administrator was so far in privity with the heirs as to be concluded by the determination in the first action. Cases somewhat in point are: *Ervin v. Morris,* 26 Kan. 664; *Hoisington, Sheriff, v. Brakey,* 31 Kan. 560, 3 Pac. 353; *Ellis v. Crowl,* 46 Kan. 100, 26 Pac. 454; *McEntire v. William-*

*son,* 63 Kan. 275, 65 Pac. 244; *Hayes v. Insurance Co.,* 104 Kan. 230, 178 Pac. 432; *Lodge v. Order of United Commercial Travelers,* 125 Kan. 26, 262 Pac. 598; *Hardy v. Miller,* 131 Kan. 65, 289 Pac. 952.

It is unnecessary to cite cases in support of the rule that a fact brought in issue and judicially determined by a court of competent jurisdiction is conclusively settled by the judgment therein as to the parties to the action and those in privity with them and cannot be relitigated in a later action. The judgment rendered against Frank W. Rost in the former action must be held to be conclusive against him not only as heir but also in his capacity as administrator.

The court, it appears, sustained the demurrer to the answer as to the husbands of the three contesting daughters and these husbands have filed a cross appeal. It appears that ruling was based on the fact that they were not named as defendants in the first action. They had no interest in the estate. The fact that they are the husbands of the three heirs does not entitle them to share in the estate. The matter involved in the cases was a controversy among the Rost heirs and in which their husbands and other relatives had no concern. Although the husbands were not named in the first case there was a charge that these husbands of the daughters had conspired with their wives to commit the alleged wrongs, and the matter of the husbands' participation was so pressed in the former case that the court made a finding acquitting not only the defendant daughters but also their husbands of the wrongs charged, adding that there was nothing due to the estate from any of them. But in view of their lack of interest or direct connection with the case the judgment in favor of the daughters of the deceased left nothing of substance against the husbands to be tried. The finding against the alleged conspiracy takes both the daughters and their husbands out of the case free from any liability to the plaintiff. The court should have eliminated the husbands as well as their wives from the case. In all other respects the judgment of the district court is affirmed.