815 F.2d 617
 Morene CARTER, Special Administratrix of the Estate of Billy
Wayne Carter, Deceased, and Cynthia Carter Metz,
Heir at Law of Billy Wayne Carter,
Deceased,
Plaintiffs-
Appellants
Cross-Appellees,
v.
CITY OF EMPORIA, KANSAS, County of Lyon, Kansas, Daniel R.
Andrews, Merton W. DeBoer, Patrick W. Little, Leslie F.
Neussen, Norman R. Thomas, and John Does 1 through 10,
Defendants-Appellees Cross-Appellants.
 Nos. 84-2434, 84-2493 and 84-2494.
 United States Court of Appeals,
Tenth Circuit.
 April 3, 1987.
 
 Margie J. Phelps of Phelps-Chartered, Topeka, Kan., for plaintiffs-appellants/cross-appellees.
 Robert L. Howard, Charles P. Efflandt, and Amy S. Lemley of Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., and Dale W. Bell, City Atty., Emporia, Kan., for defendants-appellees/cross-appellants City of Emporia, Merton W. DeBoer, Patrick W. Little, Leslie F. Neussen, and Norman R. Thomas.
 William A. Larson of Gehrt & Roberts, Topeka, Kan., and Duane D. Guy, Emporia, Kan., for defendants-appellees/cross-appellants County of Lyon and Daniel R. Andrews.
 Before LOGAN, SEYMOUR, and MOORE, Circuit Judges.
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.8(c) and 27.1.2. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Morene Carter and Cynthia Carter Metz appeal from a grant of summary judgment in favor of all defendants in a civil rights and wrongful death action with a somewhat complicated procedural history. Morene Carter originally brought the suit as special administratrix of the estate of her son, Billy Wayne Carter, who was killed by law enforcement officers during an attempted arrest on May 31, 1979. Morene Carter initiated the suit in federal district court in December 1979 on federal civil rights claims, citing 42 U.S.C. Secs. 1981, 1983, 1985, 1986 and 1988, and a pendant state wrongful death claim under K.S.A. Sec. 60-1901 et seq., against the City of Emporia, Lyon County, and five named law enforcement officers of the city and county, individually and in their official capacities.
 
 
 3
 On May 29, 1980, Morene Carter filed another suit in state court against the same defendants asserting state law claims only. That action ended in a grant of summary judgment and dismissal with prejudice of all claims against defendants city, county and county sheriff in November 1981 and dismissal with prejudice of all claims against the four remaining individual defendants in January 1982. A motion to intervene in the state action by Cynthia Carter Metz, one of Billy Wayne Carter's four children and heirs-at-law, was pending but had not been acted upon at the time of the dismissal.
 
 
 4
 In July 1982 the federal district court granted summary judgment to all defendants on the Sec. 1981 civil rights claim and summary judgment to defendants city and county on punitive damages claims, and directed that Morene Carter amend her complaint to name a proper party as plaintiff in the pendant state wrongful death action and in her cause of action under Sec. 1983, which the court construed to be a wrongful death claim. Carter v. City of Emporia, 543 F.Supp. 354 (D.Kan.1982). On plaintiff's motion to amend, the district court on April 12, 1983, ordered substitution of Cynthia Carter Metz as the proper party in the wrongful death actions, pursuant to Fed.R.Civ.P. 17(a). Finally, in September 1984, the district court granted summary judgment to all defendants on all remaining claims on the ground of claim preclusion.
 
 
 5
 Plaintiffs Carter and Metz now appeal from this grant of summary judgment. In addition, they appeal the district court's earlier grant of summary judgment on the Sec. 1981 claim. Defendants have cross-appealed, raising various allegations of error. Because we agree with the district court that plaintiffs' claims are barred under the doctrine of claim preclusion, we need not address any further contentions of either plaintiffs or defendants on this appeal.[1]
 
 
 6
 Under the full faith and credit statute, 28 U.S.C. Sec. 1738, federal courts generally must give the same preclusive effect to a state court judgment that the judgment would have received in the courts of that state. Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985); Kiowa Tribe of Oklahoma v. Lewis, 777 F.2d 587, 590 (10th Cir.1985), cert. denied, --- U.S. ----, 107 S.Ct. 247, 93 L.Ed.2d 171 (1986). In actions brought in federal court under Sec. 1983, state court judgments are to be accorded the preclusive effect mandated by Sec. 1738 not only as to issues actually litigated in state court (issue preclusion), but also as to issues that the litigant could have raised but did not raise in the earlier state court proceeding (claim preclusion). Migra v. Warren City School District Board of Education, 465 U.S. 75, 83-85, 104 S.Ct. 892, 897-98, 79 L.Ed.2d 56 (1984); Spence v. Latting, 512 F.2d 93, 98 (10th Cir.), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975).[2]
 
 
 7
 In the instant case, then, we must turn to the claim preclusion rules of Kansas to determine whether and to what extent the prior state court judgment and dismissal bar plaintiffs' action in federal court. See Migra, 465 U.S. at 85-87, 104 S.Ct. at 898-99; Kiowa Tribe, 777 F.2d at 590. Kansas courts have invoked the doctrine of claim preclusion when the following four conditions are satisfied: (1) identity in the things sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity in the quality of the persons for or against whom the claim is made. Wells v. Ross, 204 Kan. 676, 678, 465 P.2d 966, 968 (1970); see also Kiowa Tribe, 777 F.2d at 590. In addition, for claim preclusion to apply, "there must have been a judgment on the merits in the initial action." Thompson-Hayward Chemical Co. v. Cyprus Mines Corp., 8 Kan.App.2d 487, 489, 660 P.2d 973, 975 (1983). Because all of these requirements are met in the instant case, we may affirm the district court's grant of summary judgment on the ground of claim preclusion.
 
 
 8
 Both the state and federal court actions sought identical relief, monetary damages for the estate and heirs of Billy Wayne Carter. Kansas law emphasizes that the claim or cause of action is defined in terms of the injury for which relief is demanded, that is to say, in terms of the factual circumstances of the controversy rather than the legal theory or remedial statute on which the suit is grounded. Wells, 204 Kan. at 678, 465 P.2d at 968. Both the state and federal court actions are grounded in the same factual circumstances.
 
 
 9
 In all but one respect, there is no question about the identity of the persons and parties to the action or the identity in their quality. There is an identity in the quality of the persons when their alignment as adversaries is the same in both suits. See Pretz v. Lamont, 6 Kan.App.2d 31, 34, 626 P.2d 806, 809 (1981); see also Kiowa Tribe, 777 F.2d at 590. In both actions Morene Carter brought suit against the same defendants as a result of the same controversy. Plaintiffs contend, however, that the claims of Cynthia Carter Metz in the federal court action cannot be barred because she was not yet a party to the state court action at the time summary judgment and dismissal with prejudice were granted.
 
 
 10
 Kansas follows the general rule that "a judgment binds not only the parties to the action but also those who are in privity with them," and under Kansas law an administrator of an estate is sufficiently in privity with heirs or beneficiaries of an estate to be subject to principles of claim preclusion. Wells, 204 Kan. at 680, 465 P.2d at 969. In both the federal and the state court actions, Morene Carter was plaintiff in her capacity as special administratrix of the estate of Billy Wayne Carter; attached to the complaint in the first-filed federal action was a copy of Cynthia Carter Metz's consent to Morene Carter's service as administratrix, along with copies of similar consents given by Metz' three siblings and co-heirs-at-law. Accordingly, Morene Carter appeared in both suits, from their initiation, expressly to represent the interests of Cynthia Carter Metz and her co-heirs-at-law. Under Kansas law, for purposes of claim preclusion, Morene Carter and Cynthia Carter Metz were sufficiently in privity in the state court action that the claims of Cynthia Carter Metz in the federal court action, as well as those of Morene Carter, are subject to claim preclusion.[3]
 
 
 11
 Finally, the summary judgment and dismissal with prejudice that ended the state court action in the present case constituted a final judgment on the merits under Kansas law. See Gideon v. Bo-Mar Homes, Inc., 205 Kan. 321, 324, 469 P.2d 272, 276 (1970) (grant of summary judgment an adjudication on the merits that barred any further assertion of plaintiffs' claims); Thompson-Hayward Chemical Co., 8 Kan.App.2d at 490, 660 P.2d at 976 (terms "with prejudice" and "without prejudice" determinative of the right to bring a future action).
 
 
 12
 Even when the requirements of claim preclusion discussed above are satisfied, we will still inquire whether plaintiffs have had a full and fair opportunity to litigate their claims before a court with the authority to adjudicate the merits of those claims. See, e.g., Scroggins v. Kansas, 802 F.2d 1289, 1291 (10th Cir.1986); cf. Thournier v. Meyer, 803 F.2d 1093, 1094-95 (10th Cir.1986). It is unfortunate that many of the questions raised by the death of Billy Wayne Carter will not be addressed by this or any other court after more than six years of litigation. But plaintiffs had a full and fair opportunity to litigate their claims in a court with authority to adjudicate them. State courts have concurrent jurisdiction with federal courts over Sec. 1983 actions. Garcia v. Wilson, 731 F.2d 640, 651 n. 5 (10th Cir.1984), aff'd, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Spence, 512 F.2d at 98. Plaintiffs could have brought their federal claims in the state court action, or could have proceeded in the federal court in preference to the state court.
 
 
 13
 State court proceedings need only satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481, 485, 102 S.Ct. 1883, 1897-1899, 72 L.Ed.2d 262 (1981); Kiowa Tribe, 777 F.2d at 591. If plaintiffs do not avail themselves of the full procedures provided by state law, this "does not constitute a sign of their inadequacy." Kremer, 456 U.S. at 485, 102 S.Ct. at 1899. There is no failure of due process if plaintiffs fail to assert all of the claims subsequently barred by the doctrine of claim preclusion, given a full and fair opportunity to do so.[4]
 
 
 14
 Carter and Metz argue finally that they had a strong basis for believing that the outcome of their state court proceedings would not affect their Sec. 1983 claims in federal court, because they commenced both federal and state court actions before the Supreme Court decisions in Allen v. McCurry, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (according state court judgments issue preclusive effect in Sec. 1983 suits in federal court), and Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (according state court judgments claim preclusive effect in Sec. 1983 suits in federal court). We cannot give this contention much weight. Prior case law in this circuit and in Kansas should have alerted plaintiffs to the possible legal consequences of their choice.
 
 
 15
 Nothing in our decisions before Migra suggests that plaintiffs may freely split a cause of action between federal and state courts and pursue both actions without risking claim preclusion. We recognized the claim preclusive effect of prior state court judgments on a subsequent Sec. 1983 action in federal court in Spence v. Latting in 1975. Spence, 512 F.2d at 98-99; cf. Migra, 465 U.S. at 83 n. 6 and 85 n. 7, 104 S.Ct. at 897 n. 6 and 898 n. 7.
 
 
 16
 Kansas law is explicit and harsh in invoking claim preclusion to bar splitting a cause of action:
 
 
 17
 " 'It is a general rule of law, indeed an elementary one in this jurisdiction, that in a lawsuit between litigants in their ordinary capacity, so far as relates to a subsequent action on the same claim, not only is everything adjudicated between them which the parties may properly choose to litigate, but also everything incidental thereto which could have been litigated under the facts which gave rise to the cause of action.'
 
 
 18
 * * *
 
 
 19
 Plaintiff had no legal impediment to asserting her entire cause of action in the first proceeding. The fact plaintiff did not foresee the legal consequence of splitting her cause of action has no bearing on the issues or the result herein."
 
 
 20
 Pretz, 6 Kan.App.2d at 33-36, 626 P.2d at 808-10 (citations omitted) (emphasis added).
 
 
 21
 We conclude that the federal district court gave the state court judgment the same preclusive effect that judgment would have received in the Kansas state courts, and properly found further pursuit of plaintiffs' claims in federal court barred under the doctrine of claim preclusion. Accordingly, the district court grant of summary judgment to all defendants is AFFIRMED.
 
 
 
 [1]
 Insofar as the doctrine of claim preclusion bars plaintiffs' Sec. 1983 claims, that doctrine equally bars claims under all the Reconstruction civil rights statutes codified at 42 U.S.C. Sec. 1981 et seq. See University of Tennessee v. Elliot, --- U.S. ----, 106 S.Ct. 3220, 3225, 92 L.Ed.2d 635 (1986) ("Congress, in enacting the Reconstruction civil rights statutes, did not intend to create an exception to general rules of preclusion"); Carpenter v. Reed ex rel. Department of Public Safety, 757 F.2d 218, 219 (10th Cir.1985) (Supreme Court's logic that Sec. 1983 contains no exception to traditional rules of preclusion applies also to Sec. 1981)
 
 
 [2]
 The preclusive effects of prior adjudication are traditionally subsumed under the general doctrine of res judicata, used to refer to both claim preclusion and issue preclusion. Res judicata is sometimes used to refer only to the narrower concept of claim preclusion, as distinguished from issue preclusion, which is sometimes called collateral estoppel. To avoid confusion between the two referents of res judicata, we follow the Supreme Court in using the terms claim preclusion and issue preclusion. See Migra, 465 U.S. at 77 n. 1, 104 S.Ct. at 894 n. 1; see generally 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4402 (1981)
 
 
 [3]
 The Kansas definition of privity applicable in the situation before us appears to be identical with the Schendel doctrine, as discussed in 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.411 at 395-96 (2d ed. 1984) (discussing Chicago, R.I., & P. Ry. v. Schendel, 270 U.S. 611, 46 S.Ct. 420, 70 L.Ed. 757 (1926)); see also id. p 0.411[3.-2] at 433-34. This definition of privity involves direct representation of the nonparty's interest as distinguished from participation by a nonparty or nonprivy who cannot or chooses not to intervene in a role adverse to the party seeking preclusion. Such direct representation is required for invocation of claim preclusion to bar litigation of all questions that might have been litigated in the earlier proceeding. A nonparty, nonprivy participant is subject only to issue preclusion, which bars relitigation by that party only of questions actually litigated and decided in the earlier proceeding. See Montana v. United States, 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1978); Mother's Restaurant, Inc. v. Mama's Pizza, Inc., 723 F.2d 1566, 1572 (Fed.Cir.1983); J. Moore, J. Lucas & T. Currier, 1B Moore's Federal Practice p 0.411 at 444-45 (2d ed. 1984)
 Accordingly, for our conclusion that Cynthia Carter Metz is also barred on the ground of claim preclusion from further pursuit of her claims in federal court, we do not rely on the district court's finding that Cynthia Carter Metz was in fact an active participant in the state court action, although that finding is relevant to any remaining concerns we might have about the due process afforded her.
 
 
 [4]
 Any concerns we might have about the due process afforded to Cynthia Carter Metz are more than met by the level of her participation in the state court litigation. The district court noted that (1) her name was included in the heading of the order granting summary judgment and dismissing the action with prejudice against certain defendants; (2) her attorney prepared and approved that order, as "Attorney for Plaintiff and Applicant for Intervention"; (3) she consented to and joined in the stipulation dismissing her claims as to certain defendants with prejudice; and (4) her arguments were advanced in the briefs filed in opposition to defendants' motion for summary judgment, which the district court granted as to certain defendants