930 F.2d 922
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Louis Osei COTTON, Plaintiff-Appellant,
v.
Kathy ISAACSON, Kansan Publication Co., Inc., Defendants-Appellees.
 No. 90-3303.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Louis Cotton brought this pro se action for damages against the Kansan Publication Company and its employee, Kathy Isaacson. Cotton asserts constitutional and state law claims arising out of newspaper articles written by Isaacson and published by The Kansan Publication Company concerning Cotton's murder conviction. The district court dismissed the action. Cotton appeals and seeks to proceed in forma pauperis. As discussed briefly below, we conclude that Cotton can make no rational argument on the law and the facts in support of the issues he asserts on appeal. Accordingly, we deny leave to proceed in forma pauperis.
 
 
 3
 Cotton's claims are based on allegedly false and defamatory newspaper articles published by defendants. Federal district courts have jurisdiction over civil actions arising under the Constitution and laws of the United States, see 28 U.S.C. Sec. 1331 (1988), and over civil actions involving in excess of $50,000 between citizens of different states, see id. Sec. 1332. Cotton alleges that the articles at issue violated his rights under the First and Fourteenth Amendment. Although a remedy for constitutional violations is provided by 42 U.S.C. Sec. 1983 (1988), that statute requires that the action causing the alleged deprivation be taken under color of state law. See West v. Atkins, 487 U.S. 42, 48-49 (1988). Construing Cotton's pro se complaint liberally, as we must, we find nothing to indicate that defendants here were acting under color of state law within the meaning of section 1983. Moreover, slander alone is not enough to state a constitutional claim. See Paul v. Davis, 424 U.S. 693 (1976). Likewise, we find no allegation of diversity of citizenship to support jurisdiction under section 1332. Finally, it appears from material Cotton attached to his brief in this court that he filed an action in state court against these defendants based on the same newspaper articles underlying the instant action. The state trial court decided the action adversely to Cotton and he did not appeal. In this appeal, defendants contend that this action is therefore barred by the prior state court judgment, citing Carter v. City of Emporia, 815 F.2d 617 (10th Cir.1987). We agree.
 
 
 4
 We thus conclude that Cotton can make no rational argument on the law and the facts to support his claims, and deny leave to proceed in forma pauperis.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3