**F I L E D**

**UNITED STATES COURT OF APPEALS**

**February 1, 2007**

**FOR THE TENTH CIRCUIT**

XIANGYUAN ZHU,

　　　　Plaintiff-Appellant,

v.

ST. FRANCIS HEALTH CENTER;
KENNEN THOMPSON, M.D.,

　　　　Defendants-Appellees.

No. 06-3113
(D.C. No. 05-CV-2139-KHV)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **BALDOCK**, and **EBEL**, Circuit Judges.

　　　Plaintiff Xiangyuan Zhu, proceeding pro se, appeals from the district

court's dismissal of her complaint and the imposition of sanctions in the form of

attorneys' fees and costs. Ms. Zhu contends that the district court erred in

dismissing her claims on the basis of res judicata and in imposing sanctions

against her. We lack jurisdiction to consider Ms. Zhu's challenge to the district

---

[*]　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court's decision to impose sanctions because the amount has not yet been determined. *See American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 924 (10th Cir. 2005). This does not preclude our review of the district court's dismissal of Ms. Zhu's complaint. *Id*. at 925. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we AFFIRM.

I

On May 26, 2004, Ms. Zhu filed a complaint in Kansas state court against four defendants, including St. Francis Health Center and Dr. Kennen Thompson. The other two defendants and St. Francis moved for judgment on the pleadings. The complaint against St. Francis was dismissed with prejudice on October 22, 2004. *See* Aplee. Supp. App. at 202. Dr. Thompson moved for partial judgment on the pleadings and for a more definite statement on Ms. Zhu's medical malpractice claim. All claims against Dr. Thompson, except for the medical malpractice claim, were dismissed with prejudice on October 22, 2004. *See id*. at 203. Ms. Zhu was given permission to amend her state court complaint and then Dr. Thompson filed a renewed motion to dismiss. The state court granted the motion on February 24, 2005, thereby dismissing all of the claims against all of the defendants. *See id.* at 231.

On April 11, 2005, Ms. Zhu filed a complaint in federal district court against St. Francis and Dr. Thompson. On May 12, Ms. Zhu filed an amended complaint. Defendants moved to dismiss the amended complaint as barred by res

-2-

judicata because of Ms. Zhu's prior state court action. That motion was granted in a memorandum and order entered on February 6, 2006. This appeal followed.

II

We review de novo the district court's dismissal of a complaint on the basis of res judicata. *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000). Ms. Zhu's federal complaint asserted eight claims: one federal claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., and seven state law claims. Ms. Zhu's challenge on appeal relates solely to the dismissal of her RICO claim.[1] *See* Aplt. Br. at 19-28. Accordingly, she has waived any other issues regarding the dismissal of her seven state claims. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994).

In order to determine whether the district court properly applied res judicata to bar Ms. Zhu's RICO claim, we must first determine what preclusive effect Kansas would give to Ms. Zhu's state court complaint. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled

---

[1]     Although Ms. Zhu argues that her "Victim and Witness Protection Act, and 18 U.S.C. §§ 24, 1341 claims were not barred as a matter of res judicata," Aplt. Br. at 28, and does not mention her RICO claim, this statement does not accurately reflect the claims set forth in Ms. Zhu's federal complaint. These "claims" were not alleged separately in her complaint, but instead were alleged as predicate acts as part of her RICO claim. *See* Aplt. App. at 25 ¶52. Because Ms. Zhu is proceeding pro se, and we must therefore construe her filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), we construe her argument as a challenge to the dismissal of her RICO claim.

-3-

that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). Under Kansas law, "[r]es judicata (claim preclusion) prevents relitigation of previously litigated claims and consist[s] of the following four elements: (1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits." *Winston v. State Dep't of Soc. & Rehab. Servs.*, 49 P.3d 1274, 1285 (Kan. 2002). Only the third *Winston* factor is at issue in this appeal. We conclude, as discussed below, that Kansas would give preclusive effect to Ms. Zhu's state action and therefore we must do the same. *See Migra*, 465 U.S. at 81.

Ms. Zhu contends that her RICO claim should not be barred by res judicata because it is a new claim that was not raised in her state court complaint. While we agree that Ms. Zhu did not bring a RICO claim in her state court action, that is not the dispositive consideration. "Kansas law emphasizes that the claim or cause of action is defined in terms of the injury for which relief is demanded, that is to say, in terms of the *factual circumstances* of the controversy rather than the legal theory or remedial statute on which the suit is grounded." *Carter v. City of Emporia*, 815 F.2d 617, 620 (10th Cir. 1987) (citing *Wells v. Ross*, 465 P.2d 966, 968 (Kan. 1970)) (emphasis added); *see also Griffith v. Stout Remodeling, Inc.*, 548 P.2d 1238, 1243 (Kan. 1976) ("Both actions were bottomed on the same set of facts and if there was a final adjudication upon the merits in the first, the

-4-

doctrine of res judicata generally would apply in the second."). Although Ms. Zhu's RICO claim raises a new legal theory, it is grounded in the same factual circumstances as her state action and could have been brought as part of that action. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) (holding that state courts have concurrent jurisdiction over civil RICO claims).

Most of the factual allegations in Ms. Zhu's state and federal complaints stem from her treatment relationship with Dr. Thompson, an employee of St. Francis. That relationship spanned from January 1998 to March 2003. *See* Aplt. Br. at 9. In her appellate brief, Ms. Zhu identifies the conduct from her federal complaint that allegedly constituted the predicate acts necessary for her RICO claim against Dr. Thompson and St. Francis. *See id.* at 9-13. The majority of these allegations are virtually identical to the allegations in her state complaint. *Compare* Aplt. App. at 10-18 ¶¶ 11-12, 14, 19, 24-26, 28-30, 32-37 (federal complaint) with Aplee. Supp. App. at 22-29 ¶¶ 26-28, 31, 40-49 (state complaint).

The federal complaint contains a few new factual allegations; for example, that St. Francis sent a fraudulent billing statement to Ms. Zhu for medical services that she did not actually receive while she was being treated by Dr. Thompson, *see* Aplt. App. at 13 ¶23. Res judicata may still be a bar in this situation, however, if the allegations arose out of the same transaction or series of connected transactions. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1227 (10th Cir. 1999) (describing transactional approach for res judicata purposes). Kansas

appears to approve of this transactional approach. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 360-361 (10th Cir. 1996) (discussing Kansas cases); *see also O'Keefe v. Merrill Lynch & Co.*, 84 P.3d 613, 618-619 (Kan. Ct. App. 2004) (applying transactional approach).

Any new allegations in Ms. Zhu's federal complaint arose out of her treatment relationship with Dr. Thompson that was a focal point of her state court complaint. As the district court explained in applying the transactional approach to Ms. Zhu's federal claims, "plaintiff's theories for relief all arise from Dr. Thompson's treatment of plaintiff, his testimony regarding that treatment, the billing for that treatment and vague allegations of conspiracy between Dr. Thompson, St. Francis and others." Aplt. App. at 86. Because the relevant facts in Ms. Zhu's federal complaint are all related in time, space and origin to the relevant facts in her state complaint, the district court did not err in concluding that they arose out of the same transaction or series of connected transactions and that Ms. Zhu's RICO claim therefore was barred by res judicata. *See Yapp*, 186 F.3d at 1227; *O'Keefe*, 84 P.3d at 618-619.

The judgment of the district court is AFFIRMED and the case is REMANDED to the district court for a final determination regarding attorneys' fees and costs.

Entered for the Court


David M. Ebel
Circuit Judge